Lipscomb, J.
The plaintiffs in error assign the following grounds as error, on which they aslc the reversal of the judgment of the court below.
First. The court erred in permitting the plaintiffs to amend the writ by the petition.
Second. The court erred in its charge to the jury as set forth in the bill of exceptions.
From the record it appears that a motion was made before any answer was filed to quash the writ, on the ground that there was a variance between it and the petition, which motion was sustained and leave given to amend the writ by the petition. The defendants excepted to the decision of the judge in allowing the amendment, and then answered to the suit.
The objection was no doubt well taken in the district court, but under our statute of amendments it is believed that it was competent to allow the amendment of the writ by the petition, which was certainly the initiative step in the suit, and nothing has been more usual than to allow a subsequent mistake to be amended by something that preceded it. This has been allowed when- the laws of jeofails did not allow as much latitude as ours. Such amendments are not calculated to effect its merits of the case, and have been found to advance the substantial ends of justice. The court in the exercise of a sound discretion will protect, in the terms on which an amendment is allowed, the rights of the opposite party. If these defendants had not placed themselves in court by the answers, doubtless a new writ would have been awarded, or sufficient time would have been allowed them to answer after appearing, if the amendment of a defective writ had been calculated to surprise them. Such matters from necessity must be left to the sound discretion of the judge, and it would require a strong case of abuse in the exercise of such discretion to justify a revision by this court.
The second assignment is believed to be better founded. It appears from the record, among other matters set up in defense, that Mary E. ILavanaugh pleaded that she was a married woman at the time the joint note of herself and husband, on which the suit was brought, was executed. The truth of this plea was admitted, and the judge, as appears from th/s bill of exceptions, charged the jury “ that a woman could bind herself in a promissory note, and the fact that the said defendant was a married woman at the time of making and signing the note sued on in this action, against the said Mary E.”
*(343) There can be no question that at common law a wife cannot bind herself in any contract, so completely is her existence merged in law that she cannot by laches, during coverture, forfeit her legal rights. It is unnecessary to refer to authority on this subject, and the opinion of the judge in the court below must have been founded on a supposed ability to contract and liability to be sued, arising out of the fact that her separate property was secured to her by the act of 20th January, 1840, regulating marital rights. By reference to this act it will be seen that no authority is given to contract, and no liabilty imposed to be sued on any contract she may enter into during the coverture; and the whole object of the act is to guard her separate property. This favorite object would be defeated if she could be bound, or make her property liable for her contracts. It is not likely that she could resist the importunity of her husband to join with him in a contract and preserve that domestic harmony so vitally essential to the happiness of husband and wife. The law wisely removes the temptation by putting it out of the power of both.
We do not believe the common law was altered as to the capacity of the wife to contract, by the act securing to her such separate property as she owned at the time of her marriage or should acquire during her coverture; and as the judge erred in charging the jury that she could bind herself, and that she was liable to be sued on such contract, the judgment is reversed and the cause remanded with instructions to the court below to enter judgment in favor of the defendant, Mary E. Kavanaugh, with her costs; and to enter a judgment in favor of the plaintiffs below against the defendant, Kelson Kavanaugh, and the plaintiffs in error to recover their costs in this court.