Lipscomb, J.
In this case at the December Term, 1849, the judgment of the District Court of Fayette county was affirmed against the appellant and his securities in his appeal bond, which was certified to the District Court for its observance. It is now, at this term, made to appear fully to the satisfaction of this court that at the time of the affirmance of the judgment the appel-lee was dead; it is therefore ordered that the said judgment of this court in this case of the December Term, 1S49, he and the same is hereby annulled and vacated; that the suit be reinstated on the docket of this court, and be continued on the suggestion of the death of the appellee for want of parties; and it *148 is further ordered that tho, mandate heretofore issued from this court to the District Court of Fayette comity be and the same is revolted.
Note 4.9. — Whore the death of the plaintiff is suggested by his attorney as eauso for not proceeding to final judgment such suggestion may be contested by the defendant, and it would seem thatthe trial should bo by tho court; and if it be found in the negativo and the suit be dismissed, but it afterward appear that tho plaintiff was dead, tho causo will bo.reinstated on motion at tho next term. (Armstrong v. Nixon. 16 T., 610.) When, after suit is brought, Ihoro is a change in the representativo character of the defendant, so that tho judgment against the defendant is erroneous in fact, it is not void, but simply voidable, as in the analogous cases of judgment rendered in favor of or against a feme covert appearing on tho record as a feme sole, or in favor of or against a dead man, when the fact of marriage or death was not apparent on the record. Tho proper modo of correcting an error of this character is by a proceeding in the nature of a writ of error coram nobis in the court where the error was committed. (Moke and Brother t>. Brackett, 28 T.,443.) A judgment against a deceased defendant is not void, but only voidable, and on writ of error coram nobis in the court where rendered it may be set aside and correctly rendered against tho representative of the deceased defendant. (Giddings v. Steele, 28 T., 7’82; Pullen v. Baker, 41 T., 419.)
"•Ordered accordingly.