OCTOBER TERM, 1868. 315

Miss. and Tenn. Railroad Co. v. W. H. Wynne.

## MISS. AND TENN. RAILROAD CO. v. W. H. WYNNE.

1. JUDGMENTS: CORRECTION OF, AFTER THE TERM, BY MOTION OR WRIT OF ERROR CORAM NOBIS. — Errors of fact committed in the rendition of judgments in the High Court of Errors and Appeals may be corrected by motion after the term of the court at which the error was committed. A more correct practice would be to correct the error by a writ of error *coram nobis*.

2. SAME: SAME: PRACTICE IN HIGH COURT IN REFERENCE TO. — When an error of fact committed in the rendition of a judgment in the High Court of Errors and Appeals is sought to be corrected by motion made subsequent to the term of court at which the judgment was rendered, the party making the motion shall give at least ten days' written notice or citation to the opposite party, or his attorney.

ON motion to correct judgment rendered at a former term.

*Walter & Scruggs* for motion.

*White & Chalmers* contra.

No briefs of counsel on file.

JEFFORDS, J., delivered the opinion of the court.

This is a motion to set aside and vacate the judgment rendered in this court at the April Term, 1868, and to reinstate the cause upon the docket, for the reason that the party in whose favor it was rendered was dead at the date of its rendition; wherefore said judgment was null and void. It is not denied but that the judgment, as it now stands, is an absolute nullity. It has been suggested, however, that even admitting the judgment to be void, the proper and only method of correcting a judgment of this court, where the error complained of is one of fact, is by means of the writ of error *coram nobis*, and not by motion.

We are strongly impressed with the force of this suggestion, and if the question were now presented for the first time, there can be no doubt but that we would hold this to be the correct practice. Our predecessors, however, for a long series of years, as shown by numerous precedents, have adopted and adhered to a different practice, and have in a great many instances allowed errors of fact committed in this court to be corrected upon motion. We have ourselves, in one or two cases, followed their example, and will not now, and without any previous warning, depart from the rule heretofore established.

The practice heretofore pursued has been both simple and convenient, and we cannot see any serious objection to continuing it, under proper conditions and restrictions.

We will not at present make any change in the practice, but in the future will require all motions to be accompanied by the affidavit of the party or his attorney, setting forth the alleged error of fact; and will also require that the opposite party or his attorney shall be served with a written notice or citation at least ten days before the hearing of any such motion. The motion to reinstate this case upon the docket will be granted, and the cause continued until the April Term. The clerk of this court will issue a citation directed to the Railroad Company to appear on the first day of the April Term, to show cause why the judgment should not be corrected and affirmed in accordance with the facts.