## S. P. HOLLINGSWORTH v. N. G. BAGLEY.

1. A suit in the district court abated by reason of the death of the defendants, and was never revived against their representatives. No cost bond was required of the plaintiff, but in the order abating the suit the court entered judgment against the plaintiff for the costs. *Held*, that the judgment was not authorized by law, and is void. Though the plaintiff was liable to the officers of the court for the costs made by himself, their only remedy against him was by action of debt. (Ogden, J., dissenting.)

2. A purchaser at a sheriff's sale under a void judgment acquires no title.

ERROR from Rusk. Tried below before the Hon. J. B. Williamson.

The opinion states the facts of the case.

*W. W. Morris*, for the plaintiff in error.

*N. G. Bagley*, for himself.

WALKER, J.—The appellant brought suit in the district court against Cameron and Scott. No cost bond was required from the plaintiff. Pending the suit, both the defendants died, and the suit abated, and was never revived against the representatives of either of them. But the court permitted the officers of the court to have judgment against the plaintiff for the sum of twenty-two dollars and fifteen cents, on which execution issued on the twenty-eighth day of July, 1869; was levied on the land described in the petition; and it was sold to N. G. Bagley, the appellee, on the first Tuesday in August, 1869.

At the December term of the district court, 1870, the appellant, Hollingsworth, moved the district court to set aside the sheriff's sale, and quash the execution. The appellant afterwards amended his motion, giving

it the form of a petition, praying for affirmative relief. The appellee joined issue; and at the August term, 1871, the parties, waiving a jury, submitted the matter of law and facts to the court. The judgment was for the appellee, and an appeal is taken to this court.

The following assignment for error is found in the record:

1. The court erred in giving judgment for the defendant, on the law and facts as shown in the record, the cause having been submitted and jury waived.

2. The court erred in giving judgment for appellee, because it was shown that the judgment under which he purchased was abated by the death of the defendants, and no cost bond in by the appellant.

3. The court erred in overruling the motion for a new trial, as shown.

4. The court erred, as apparent on the record.

It is claimed that the appellee, before the issuance of the *fieri facias* under which he purchased, knew that the suit of the appellant against Cameron and Scott had abated by the death of the defendants; and that he is an attorney of no mean abilities is evident from the brief which he files in this case in his own behalf, and that he purchased the land for about nineteen-twentieths less than its value.

We think, however, that none of these circumstances need be considered in the case; for, whilst it has been repeatedly decided in this court that purchasers at sheriff's sale, made under irregular and voidable judgments, may gain title and be protected in it, there has been no decision (and probably will not be) wherein it is held that the purchaser under a void judgment can gain any title whatever.

There can be no valid judgment where there are no proper parties to the record; and after the death of the

defendants, the officers of the court could not, as such, be substituted in a manner to entitle them to judgment in the original action against the plaintiff, for costs, although the plaintiff is undoubtedly liable to the officers of court for costs which he himself made in the action. (Pas. Dig. Art. 1486.)

The clerk, having failed to require a cost bond from the plaintiff, ought not to complain that he has lost his remedy by execution against the plaintiff for his costs. The plaintiff was not liable to the officers of the court, in the absence of a judgment, for the defendant's costs. Our statute is in derogation of the common law, and we think that all that was intended by the statute was to give the officers of the court a right of action *ex contractu* against the parties for their costs.

Article 4843, Paschal's Digest, provides that in all cases, except motions, where judgment shall be given for the defendant or appellee, he shall recover his costs against the plaintiff or appellant, and have execution for the same ; and in all cases where judgment shall be given for the plaintiff or appellant, if not otherwise provided by law, he shall recover his costs against the defendant or appellee. No principle or rule is herein stated which would entitle the officers of court to a judgment in such a case as the proceeding at bar has grown out of.

We believe it to be the practice, well settled in this State, that where plaintiff or defendant dies *pendente lite*, and the surviving party to the suit does not revive the action, on leave of the court the officers entitled to costs may revive the action, and then judgment will be rendered for costs in favor of the successful party, for the use of the officers of the court.

We conceive it would be very bad policy in this court to admit the legality of such a proceeding as that under

which the lands in controversy were sold. If the officers of court are entitled to judgment, so might we say witnesses would be, jurors might be, and all persons entitled to costs. That a judgment for costs is not given upon the abatement of a writ by the death of defendant, see Culls v. Haskins, 11 Mass., 56, and Latta v. Surgener, 2 McCord, 430. There can be no valid judgment against a party who is dead. (9 Texas, 294, Martell v. Hernsheim; Conkrite v. Hart & Co., 10 Texas, 140; Mills v. Alexander, 21 Texas, 163.)

The levy and sale in this case, which it is sought to be set aside, it appears, were made without calling on the appellant or his attorney to point out the property; the sheriff's return on this point appears to be successfully impeached; and inasmuch as he was himself a party, it was by no means improper to admit evidence for that purpose. We think the judgment of the district court should have been for the appellant. The claim of appellee of title to the land is therefore annulled and set aside, and the appellant to recover costs in this and the district court.

OGDEN, J.—Being unable to agree with a majority of the court as to the law or practice which should govern this case, I deem it my duty herein to note my dissent.

REVERSED AND RENDERED.