THEODORE B. WOOLSEY, Respondent, *v.* MARY A. BROWN, Impleaded, etc., Appellant.

A married woman is not disqualified from executing as surety an undertaking upon appeal ; and where she contracts in such form as to make the undertaking binding upon her separate estate the obligation may be enforced in an action at law ; a resort to a court of equity is not required.

The statute providing that a married woman may, when she is a party to an action, enter into any necessary bond or undertaking (chap. 90, Laws of 1860, as amended by chap. 172, Laws of 1862), does not affect her right to become a surety.

*Loomis* v. *Ruck* (56 N. Y., 462), distinguished.

(Submitted May 27, 1878 ; decided June 4, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a judgment in favor of defendant, Mary A. Brown, entered upon a verdict. (Reported below, 11 Hun, 52.)

This action was brought upon an undertaking given upon appeal. The material portion of the undertaking and the facts are set forth sufficiently in the opinion.

*Estes & Barnard,* for appellant. A married woman can only bind herself or her estate by an undertaking in an action where she necessarily executes it in the prosecution or defense of an action brought by or against her. (Laws 1860, chap. 90, § 7; Laws 1862, chap. 172; 3 R. S. [6th ed.], 161, § 84; *Morey* v. *F. L. and T. Co.*, 14 N. Y., 306; *Moultrie* v. *Hunt*, 23 id., 419; *Curtis* v. *Leavitt*, 15 id., 211; *Bowen* v. *Lease*, 5 Hill, 224; *Allen* v. *Dykers*, 3 id., 597.) The obligation of surety being one of law only, when void at law equity will not enforce it. (*Kelso* v. *Tabor*, 52 Barb., 125; *Ludlow* v. *Simond*, 2 Cai. Cas., 30; *Cobine* v. *St. John*, 12 How. Pr., 333; *Goodall* v. *McAdam*, 14 id., 385; *Dickerman* v. *Abrahams*, 21 Barb., 551.)

*Geo. V. N. Baldwin,* for respondent. The appellant's right to charge her estate in the undertaking was a statutory right, and though void as a contract may be enforced as a charge. (*Yale* v. *Dederer*, 18 N. Y., 265, 272; *Kidd* v. *Conway*, 65 Barb., 158; *Com. Ex. Ins. Co.* v. *Babcock*, 42 N. Y., 646; *Maxon* v. *Scott*, 55 id., 247, 251; *Man. B. and M. Co.* v. *Thompson*, 58 id., 80.)

EARL, J. In 1872, the present plaintiff recovered a judgment in the Supreme Court against John W. Brown, which was affirmed upon appeal to the General Term. Brown then appealed to this court, and gave an undertaking upon such appeal, which was executed by the defendant, a married woman, as surety. The undertaking was in the usual form, with the following clause added: "And the said Mary A.

Brown hereby further undertakes, intends and agrees that the above undertaking shall be a charge upon her separate estate, and hereby does, by said undertaking, charge her separate estate, consisting of the house and lot No. 36 Water street, in the city of New York, and house and lot No. 5 Montague terrace, in the city of Brooklyn, and all other real and personal property owned by her." That judgment was affirmed, and not having been paid, this action was commenced upon the undertaking. The sole defense set up in the answer is that the defendant is a married woman, that she signed the undertaking as surety, being in no other way interested, and that the undertaking is, therefore, void as to her.

That a married woman can incur obligations as surety for other persons cannot be doubted. (*Corn Ex. Ins. Co.* v. *Babcock*, 42 N. Y., 613.) And she can become surety upon any bond or undertaking, unless some statute disqualifies her. She was not disqualified from becoming a surety upon this undertaking. The statute (chap. 90 of the Laws of 1860, as amended by chap. 172 of the Laws of 1862) does not touch the case of a married woman becoming surety for another. It is an enabling statute, providing that a married woman may, in all cases where she is a party to an action, whether as plaintiff or defendant, enter into any necessary bond or undertaking. Such a bond or undertaking, without any declaration to that effect by her, is made by the statute enforceable against her separate estate. There was little or no need for this statute. It was probably passed from abundant caution, at a time when the liabilities of married women, under the laws of this State, were not as well defined as they now are.

There need not be a resort to a Court of Equity to enforce the defendant's liability upon this undertaking. She has contracted in such form as to make the undertaking binding upon her separate estate, and it is now the settled law that her obligation thus assumed can be enforced in an action at law. It was so held in *Corn. Ex. Ins. Co.* v. *Babcock;* and

that case has never been questioned in this court, but has been uniformly followed. (*Carpenter* v. *O'Dougherty*, 50 N. Y., 660; *Maxon* v. *Scott*, 55 id., 247 ; *Manhattan B. and M. Co.* v. *Thompson*, 58 id., 80 ; *The Third Nat. Bank* v. *Blake*, 73 id., 260.)   The case of *Loomis* v. *Ruck* (56 N. Y., 462), is not in conflict with these cases.   There the signature of a married woman was obtained to a note charging her separate estate, by duress, and it was held that she was not bound.

There was no objection at the trial to the form and sufficiency of the complaint, or to the mode of trial.   It was not claimed there that there was a defect in any of the allegations or proofs to make out plaintiff's case, provided the undertaking bound her.   The sole defense relied upon was her coverture, and to that defense she must be confined upon this appeal ; and failing in that the order appealed from must be affirmed, and judgment absolute must be given against her under her stipulation.

All concur, except ALLEN, J., absent.

Order affirmed, and judgment accordingly.