Levy v. Ferguson Lumber Co.

---

## LEVY V. FERGUSON LUMBER COMPANY.

1. LABORER'S LIEN: *Judgment of justice enforcing: Notice.*
   The judgment of a justice of the peace in an action to enforce a laborer's lien, under the act of 1868, [Mansf. Dig., secs. 4425–4440] is void,

where the proceedings fail to show that notice thereof was given to the defendant or that he waived notice.

2. JUSTICE'S DOCKET: *Amendment of.*

Although a justice of the peace may amend his docket so as to make it speak the truth in a proceeding previously had before him, he must do so on proper application and after notice to the party legally interested. And where it does not affirmatively appear that notice of such application was given the amendment is void.

APPEAL from *Pulaski* Circuit Court.

J. W, MARTIN Judge.

*Cohn & Cohn*, for appellant.

The justice had no jurisdiction. No summons was issued and no showing of service, actual or constructive. The docket should have shown such facts as were essential to jurisdiction. 5 Ark., 27-358; 1 Eng., 41; Ib,, 182; 3 Ark., 494; 9 Ib., 480; 10 Ib., 316.

No presumption will supply the omission of the record to state a jurisdictional fact. 9 Ark., 480; 10 Ib., 316.

The laborers had no liens; there was no writing, and the statement filed failed to show any. 44 Ark., 90.

The proceedings being void, the sale was void. Freeman on Ex., sec. 16, note 2, and sec. 20; Freeman on Judg., secs. 117-120; Rorer Jud. Sales, sec. 474, 1st ed,; 48 Ark., 151.

The justice had no authority to amend his record, so as to affect Levy's rights, especially after this suit was instituted. 21 Mich., 507; 13 How. Pr., 43-6.

Defendant, if a resident, should have been summoned. Mansf. Dig., sec. 4428; 78 Ky., 11. If a non-resident, by posting notices, etc. Mansf. Dig., sec. 4428. Non-residence must be shown. Ib., 4989; 60 Ill., 329-341; 46 Iowa, 68-73.

See also 65 Me., 559; 26 Ala., 39; 2 Yerg., 493; 11 Ark., 120.

Service should have been had as in other suits at law. Mansf. Dig., secs. 4124-4989 to 4993 and 4356 to 4363.

*Blackwood & Williams*, for appellee.

The judgments were not void, but for the purposes of this case valid. 14 Ark., 12; 10 Ark., 541; 11 Id., 536; 47 Id., 142.

Posting notices was sufficient. Cooley Con. Lim, p. 504-5; Mansf. Dig., secs. 5201-4425.

A judgment cannot be attacked collaterally. A J. P. may amend his docket. 33 Ark., 475.

*Cohn & Cohn* in reply.

On the day the judgment was rendered by the justice of the peace, on the day the lumber was sold, in fact up to the day preceding the day this cause was tried, this record fails to show any jurisdiction over the matter he attempted to adjudge.

No presumptions could be indulged in to sustain his judgment. *Butler v. Wilson*, 10 Ark., 316; *Everett v. Clements*, 9 Ark., 480-489; *Levy v. Shuman*, 6 Ark., 182; Freeman on Judg., sec. 527.

Nor could it be supplied by parol evidence. See case in 33 Ark., referred to by appellee, page 489.

Then when the lumber was bought the sale was a *nullity*, and such was the condition of things when this suit was brought. Freeman on Judg., sec. 117.

Our court does not say, either in 33 Ark., 475, nor in 40 Ark., *163-166*, that the justice could give validity to nothing, to a pretended judgment he has undertaken to render, by a later attempted amendment, without notice to us, in a case of constructive service.

BATTLE, J.

The Ferguson Lumber Company sued Levy for damages sustained by it through his failure to perform a contract to deliver 500,000 feet of lumber. Levy answered, denying the damage, and in a counter claim or set-off, sought to recover the value of 250,000 feet of lumber received by the company. Plaintiff admitted that it received 180,000 feet of the lumber which had belonged to Levy, but proved it purchased the same at a sale made by the sheriff under and pursuant to orders or judgments of a justice of the peace The defendant insisted that these orders or judgments were void, because the justice who made or rendered them did not have jurisdiction. The court refused to allow him anything on account of his set-off, but rendered judgment for damages against him; and, after filing a motion for a new trial, which was overruled, and a bill of exceptions, he appealed.

The judgments under which the sale of the 180,000 feet of lumber was made, were rendered in divers suits instituted by laborers for the purpose of foreclosing a lien for labor performed by them, at the instance of Levy, in the manufacture of the lumber sold by the sheriff. They were rendered about the 29th of January, 1887. Up to this time the docket of the justice fails to show that Levy had actual or constructive notice of the pendency of the suits against him. Long after the judgments were rendered and the sale was made, and sometime after the commencement of this action, an amendment was entered upon the docket of the justice of the peace, in which it is stated that Levy was notified of the pendency of the suits against him by the posting of three notices directing him to appear on the day of the trial, and show cause why judgments should not be rendered against him, and the property levied on sold to satisfy

Levy v. Ferguson Lumber Co.

the claims of plaintiffs, fifteen days before the trial of the causes, one at the county clerk's office in the county, and the other two at two of the most public places in the township where the property was found, and by accompanying the same with a copy of the sworn statement of the plaintiff in each case. The docket fails to disclose that he was a non-resident, or that he had notice that a motion or application would be made to amend the docket. But the evidence shows that he was a non-resident of the State during the pendency of the suits before the justice.

The manner of enforcing laborer's liens before justices of the peace is prescribed by two separate acts—by the act of July 23, 1868, and by the act of March 21, 1883. To commence an action under the act of 1868 the laborer must make a sworn statement of the amount due him after all just credits are given, of the kind of service and for whom rendered, of the materials furnished and of the property, crops, or other productions of his labor charged, and file the same with the justice; and the justice must then cause notice to be given to the defendant in the usual way, or, if the defendant is a non-resident, notify him "by at least two insertions in a newspaper, as prescribed by law, or by posting three notices—two in the most public places in the township where the property is, and the other at the county clerk's office— to appear and show cause why judgment should not be rendered against him and the property sold." The notice must be given at least ten days before the day of trial and be accompanied by a copy of the sworn statement of the plaintiff. At the time it is given the sheriff or constable serving it is required by the act to take charge of the property described in the sworn statement, and hold it subject to the decision of the justice, as in cases of attachment.

Vol. LI.—21

*1. Laborer's Lien: Judgmen of justice enforcing: Notice.*

The other act requires that such actions shall be commenced and prosecuted according to the laws regulating attachments before justices.    Mansf. Dig., secs. 4425, 4428, 4430, 4450. Whether the latter act repeals the former or not is not necessary for us to determine.    The suits before the justice in this case were commenced under the act of 1868.    To acquire jurisdiction under that act the sworn statement must be filed, and notice, unless waived, must be given.

It has often been held by this court that "a justice's court is a court of the lowest grade known to our constitution and laws;" that "it possessed only a special, limited and inferior jurisdiction;" and that, "therefore, the proceedings therein, according to the principle almost universally admitted, must show or set forth such facts as constitute a case within its jurisdiction; otherwise the law regards the whole proceeding as *coram non judice* and absolutely void." *Reeves v. Clark*, 5 Ark., 27; *Anthony, ex parte*, 5 Ark., 358; *Pendleton v. Fowler*, 6 Ark., 41; *Levy v. Shurman*, 6 Ark., 182; *Latham v. Jones*, 6 Ark., 371; *Heflin v. Owens*, 10 Ark., 265; *Butler v. Wilson*, 10 Ark., 315; *Everett v. Thompson*, 9 Ark., 478; *Boothe v. Estes*, 16 Ark., 109; *McLure v. Hill*, 36 Ark., 268.

Jurisdiction of inferior courts cannot be intended, but must be shown.    But it has been held that "the rule that jurisdiction must be apparent on the face of the proceedings was limited to those jurisdictional facts which the law directs the court to set forth on its record;" and that "any other fact essential to jurisdiction may be established by evidence *aliunde*." *Visart v. Bush*, 46 Ark., 153; *Jolly v. Fritzi*, 31 Cal., 321; *Van Deusen v. Sweet*, 51 N. Y., 381; Freeman on Judg., [3d ed.] sec. 518.    But it is not necessary for us to decide whether this can be done or not.    If the amendment of the

Levy v. Ferguson Lumber Co.

docket entries in the suits before the justice was void no other question remains to be decided in this action.

It has been held by this court that a justice of the peace has the authority to so amend his docket as to make it speak the truth. *Adams v. Thompson*, 12 Ark., 670; *Gates v. Bennett*, 33 Ark., 489. The ends of justice require this. But it should be done on proper application, and notice to parties legally interested. *Martin v. State Bank*, 20 Ark., 636; *Alexander v. Stewart*, 23 Ark., 18; *King v. Clay*, 34 Ark., 300. Where the amendment is made by a justice of the peace it must be affirmatively shown that the notice was given before it can appear that the amendment is valid. Unless it can be so shown, the amendment must be regarded as void.

<span style="float:right">2. Amendment of justice's docket.</span>

It does not appear that Levy had notice that an application would be made to amend the docket entries in the suits before the justice of the peace, and, aside from the amendment, it does not appear that he had notice of the pendency of the suits against him. Consequently, the amendment and judgments of the justice, in the absence of a better showing, must be treated as void. Being void, they are in legal effect nullities. "By them no rights are divested; from them no rights can be obtained;" and the sale under them is void, and Levy is entitled to recover the value of the lumber sold. *McLure v. Hill*, 36 Ark., 268; *Campbell v. McCahan*, 41 Ill., 45; *Hoes v. Buntin*, 47 Ill., 397; *Hollingsworth v. Bagley*, 35 Tex., 345; *Roberts v. Stowers*, 7 Bush., 295; *Morton v. Root*, 2 Dillon, C. C., 312; Freeman on Judg., [3d ed.] sec. 117.

Reversed and remanded for a new trial.