### AMY CRUGER v. R. H. McCRACKEN.
#### No. 247.

**1. Wife Not Liable on Appeal Bond Signed by Her in Suit Against Another.**

Judgment was rendered in District Court against the husband. He appealed. His wife signed the supersedeas bond as surety. Such bond would have been void at common law. It is also void under our statutes............ 586

**2. Married Woman's Necessaries.**

In this State a married woman can only bind herself by contract when entered into for necessaries for herself and children, or for the benefit of her separate estate ..... ............................................. 586

**3. Sureties on Appeal Bond.**

The obligors in an appeal bond, acting under authority of law, voluntarily submit to the jurisdiction of the court and subject themselves to have a judgment rendered against them summarily for the debt and costs, provided the condition of the bond be broken or the judgment not reversed. The execution of an appeal bond by the wife being a nullity, the appellate court does not acquire jurisdiction to render judgment against her by an appeal bond signed by her.................................... . ....... 587

4. **Writ of Error Coram Nobis.**

When a judgment has been rendered in ignorance of some fact which would render it void or voidable, the error at common law could be corrected by writ of error coram nobis. In modern practice this has been superseded by motion to vacate the judgment ....................................... 587

5. **Correction of Judgment—Jurisdiction—Error of Fact.**

It is a fundamental principle of procedure that a court which has been induced to render a judgment which, by reason of the existence of some fact which is not made apparent of record, it should not have rendered, should have power upon a proper proceeding to vacate such judgment........... 588

6. **Same—Power of Court of Civil Appeals.**

The Act of April 13, 1892 (General Laws, page 27), provides, that the Courts of Civil Appeals "shall have power, by affidavit or otherwise, to determine such matters of fact as may be necessary to the proper exercise of their jurisdiction." It seems that the court could have exercised such power without the statutes. It seems to be inherent in the court.............. 588

7. **Same—Same—Case in Judgment.**

Judgment in Court of Civil Appeals was rendered against sureties on an appeal bond. One of the sureties was a married woman. On a motion by her to vacate the judgment the Court of Civil Appeals had the power to hear affidavits or other evidence to determine its jurisdiction, which was in issue. It was error to refuse to consider affidavits as to the coverture of the party asking its action in vacating the judgment................ .... 589

8. **Practice in Error—Question of Fact.**

This court having no power to pass upon matters of fact, can not consider the affidavits, but must remand the case to Court of Civil Appeals to pass upon the testimony offered as to the coverture of the plaintiff in error ......... 589

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

The opinion gives a full statement.

*Solon Stewart,* for plaintiff in error.—1. A married woman is not liable as a surety on an appeal and supersedeas bond. Taylor v. Harris, 21 Texas, 439.

2. When a judgment of the Court of Civil Appeals is based on facts which the court is unwarranted in presuming from the record to exist, and upon the existence of which the jurisdiction of the court or the validity of the judgment depends, as that an ostensible party to the record is a feme sole, when in fact she was married, such judgment may be set aside on a writ of error coram nobis by the court rendering the judgment; and the court should consider affidavits as to the truth of the facts set forth in the motion. Laws 1882, sec. 7, p. 27; Mills v. Alexander, 21 Texas, 154; Moke v. Brackett, 28 Texas, 443; Milam County v. Robertson, 47 Texas, 222; Martel v. Hernsheim, 9 Texas, 294.

No brief for defendant in error reached the Reporter.

GAINES, CHIEF JUSTICE.—The defendant in error recovered a judgment in the District Court of Bexar County against J. P. Cruger, the husband of the plaintiff in error. From this judgment J. P. Cruger sued out a writ of error to the Court of Civil Appeals, and gave a supersedeas bond, with his wife, Amy N. Cruger, J. V. Dignowity, A. D. Bell, and C. L. Dignowity, as sureties. The judgment was affirmed in the Court of Civil Appeals, and thereupon judgment was rendered in favor of defendant in error against the plaintiff in error in that court, and the sureties upon his error bond, for the amount of the judgment of the court below, and interest and costs. J. P. Cruger made an application for a writ of error to this court, but his application was refused. After the refusal of his application, but at the same term of the court at which the judgment was affirmed, Amy N. Cruger, the plaintiff in error in this court, filed a motion in the Court of Civil Appeals to set aside the judgment as to her, upon the ground that at the time she signed the supersedeas bond she was a married woman, and the wife of J. P. Cruger. The motion was supported by her own affidavit and that of her husband, as well as by affidavits of other persons, who were not parties to the suit. The Court of Civil Appeals entered judgment dismissing her motion, and from that judgment this writ of error is prosecuted.

The bond in question would have been void at common law. It is also void under our statutes. Hollis v. Francois, 5 Texas, 195. In this State a married woman can only bind herself by contract, when entered into for necessaries for herself and children, or for the benefit of her separate estate. 1 Sayles' Ann. Stats., art. 2854, and cases there cited. Article 2854 reads as follows: "The wife may contract debts for necessaries furnished herself and children, and for all expenses which may have been incurred by the wife for the benefit of her separate property, and for such debts suit may be brought in the manner prescribed in article 1205." Article 1205 provides, that "the husband and wife shall be jointly sued for all debts contracted by the wife for necessaries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property." 1 Sayles' Ann. Stats., art. 1205, and cases cited. Except as prescribed in the articles quoted, the wife under our laws remains subject to the disabilities affixed upon her by the common law. Kavanaugh v. Brown, 1 Texas, 481. Under similar statutes in other States, where the right of a married woman to hold property has been established by law, and where she has been authorized to contract for certain specific purposes, her contract for a purpose other than such as is expressly authorized, has been uniformly held void. Berry v. Bland, 7 Smed. & Mor. (Miss.), 77; Glide v. Kleister, 1 Grant's Cases (Pa.), 465; Id., 32 Pa. St., 85; Woolsey v. Brown, 11 Hun (N. Y.), 52; Id., 74 N. Y., 82.

In New York it has been held, that a married woman was bound as surety upon an appeal bond, in which it was expressly provided, that the obligation should be a charge upon her separate estate. Under the statutes of that State, a married woman, it seems, may bind herself by contract by expressly declaring in the instrument the intention to charge her separate property. Manhattan, etc., Co. v. Thompson, 58 N. Y., 80.

Our statutes authorize the rendition of a judgment against the obligors in an appeal bond, in case the judgment is affirmed by the appellate court. Laws 1892, sec. 37, p. 31. The judgment is entered without citation or notice to the parties to be affected. The obligors acting under the authority of law voluntarily submit to the jurisdiction of the court, and subject themselves to have a judgment rendered against them summarily for the debt and costs, provided the condition of the bond be broken or the judgment be not reversed. The bond is, in one respect at least, analogous to a warrant of attorney to confess judgment. It is the act of the party executing it which confers jurisdiction upon the court to render judgment against him. A married woman's warrant of attorney to confess a judgment has been held absolutely void. Keiper v. Helfricker, 42 Pa. St., 325.

The execution of the bond by Mrs. Cruger being a nullity, it follows that the Court of Civil Appeals did not acquire by such execution jurisdiction to render judgment against her. But the fact, that at the time of its execution she was a married woman, not appearing by the record, and the court having entered judgment without the existence of her disability having been brought to their knowledge, the question is, has she a remedy? If she is entitled to any relief, what is her remedy?

A judgment of a court may be erroneous either in fact or in law. When a court has made an erroneous ruling upon the record or upon the facts which are disclosed in the proceedings before it, it is error in law. Such error may be corrected by the court which committed it, during the term at which it was committed, upon motion for a new trial, or a motion for a rehearing, as the case may be; otherwise, when the error is not committed in a court of last resort, the remedy is by appeal or writ of error. Error of the former class occurs when, by reason of some fact, which is unknown to the court, it renders a judgment which is void or voidable. This may take place by reason of the coverture, infancy, or death of one the parties, when the fact is not shown by the record at the time the judgment is rendered. When an infant has appeared by an attorney, or a married woman appears as a feme sole, or one of the parties die, and judgment is rendered in the suit, the judgment is erroneous, and at common law is subject to be set aside by a writ of error coram nobis. Brown v. Torry, 22 Texas, 55; Weaver v. Shaw, 5 Texas, 286; Castledoin v. Mendy, 4 Barn. & Ad.,

90; Sloo v. Bank, 1 Scam. (Ill.), 428; Beaubien v. Hamilton, 3 Scam. (Ill.), 213; Milam County v. Robertson, 42 Texas, 222; Railway v. Wynne, 42 Miss., 315; Days v. Hamburg; 1 Brown (Pa.), 75; Kemp v. Cook, 18 Md., 130. This writ is returnable to the court in which the judgment was entered, and puts in issue the fact which avoids the judgment, and is determinable in that court. It may be sued out after the term at which the judgment was rendered, provided there be no unreasonable delay in its issue. Railway v. Wynne, supra; Milam County v. Robertson, supra.

The proceedings under the writ of coram nobis were found cumbersome, and in modern practice have been superseded by the more expeditious remedy of a motion to vacate the judgment, in the court in which the error has occurred. Pickett's Heirs v. Legerwood, 7 Pet., 144; Milam County v. Robertson, supra; Martel v. Hernsheim, 9 Texas, 294.

In this case the Court of Civil Appeals held that they were without jurisdiction to determine the motion, and therefore dismissed it. In this we think they were in error. It seems to us that it is a fundamental principle of procedure, that a court, which has been induced to render a judgment, which, by reason of the existence of some fact which is not made apparent of record, it should not have rendered, should have power, upon a proper proceeding, to vacate such judgment. This appears to have been the uniform practice at common law in the Court of Common Pleas, of the Exchequer, and of the King's Bench. In addition, the Court of King's Bench also exercised the power of issuing a writ to the Common Pleas for the correction of errors of fact occurring in that court. Ordinarily, however, the writ of error from a superior to an inferior court only lay for the correction of errors of law—that is to say, errors which could be made manifest by the record itself without the aid of extrinsic evidence.

It is asserted, however, that the House of Lords and the Exchequer did not before the recent Judicature Acts issue the writ of error coram nobis. It is well understood that the House of Lords determine only questions of law. It is said, that it is beneath their dignity to examine matters of fact. The Exchequer Chamber was established, by the Act of the 27th Elizabeth, for the purpose of relieving the House of Lords of a portion of their jurisdiction. They were empowered to determine only questions of law arising in the courts over which their appellate jurisdiction extended. To the proposition, that that court would not issue a writ of error coram nobis, we find the following cases of Hopkins v. Weigglesworth, 2 Lav., 38, and Prior v. * * * 1 Vent., 207. In each of these cases, as we understand them, the attempt was in the Exchequer Chamber to reverse for error in fact, assigned as having been committed in the King's Bench. We apprehend, that no case can be found in which the House of Lords

or the Exchequer Chamber has declined to vacate a judgment which, by reason of some fact which did not appear upon the face of the record, they had no power to render. If either court has ever made such ruling, we know it has not been followed in this court. In Martel v. Hernsheim, 9 Texas, 294, a judgment which was rendered in our Supreme Court, in 1849, was vacated in 1852, it having been then made to appear in a proper proceeding, that at the time of its rendition one of the parties was dead. The same rule was recognized in Milam County v. Robertson, supra. To the same effect is the case of Mississippi, etc., Railway Company v. Wynne, 42 Mississippi, 315.

The Act of April 13, 1892, provides, that the Courts of Civil Appeals "shall have power, by affidavit or otherwise, to determine such matters of fact as may be necessary to the proper exercise of their jurisdiction" (Laws 1892, sec. 7, p. 27); and we have but little doubt that such courts could lawfully have exercised such power without the aid of that provision. Harris v. Hopson, 5 Texas, 529. It is a power, it seems to us, which is necessarily inherent in the court, and one which has been frequently exercised without the aid of express enactment, either constitutional or statutory.

The question in the Court of Civil Appeals raised by the motion to vacate the judgment, was, did the court have jurisdiction to render it? It was a question of jurisdiction, and the court had the power to hear affidavits or other evidence in support of the motion and to determine the issue. We are of opinion, that they were in error in dismissing the proceeding; that they should have acted upon the motion, and that if satisfied of the existence of the facts as alleged, they should have granted the prayer, and should have vacated the judgment as to the plaintiff in error, Mrs. Cruger.

We have had some difficulty in deciding what disposition ought to be made of the case in this court. Should we determine the motion upon its merits, or remand the case to the Court of Civil Appeals? But we have no power to determine a question of fact, except one affecting the exercise of our own jurisdiction. The Court of Civil Appeals not having passed upon the facts, but having dismissed the motion, we are of opinion that we must of necessity remand the cause to that court for its determination in the first instance. The rule should be followed, which has been applied in the analogous case, where we reverse a judgment of the District Court which dismisses an appeal.

The judgment is accordingly reversed and remanded to the Court of Civil Appeals.

*Reversed and remanded.*

Delivered March 11, 1895.

DENMAN, Associate Justice, did not sit in this case.