## Budd v. Burnett.

### Opinion delivered March 17, 1919.

1. JUSTICES OF THE PEACE—DEFAULT JUDGMENT.—Default judgment of a justice of the peace entered on February 22 was void where the summons, directing defendant to appear March 3, was served on February 26.

2. SAME—CERTIORARI—MERITORIOUS DEFENSE.—A petition for certiorari to quash a judgment of a justice of the peace, alleging that petitioner, when sued, was not indebted to the judgment creditor, stated a meritorious defense to the action before the justice of the peace.

Appeal from Polk Circuit Court; *J. S. Lake,* Judge; reversed.

*Prickett & Pipkin,* for appellant.

The judgment was void and the circuit erred in not quashing it on certiorari issued by the judge in vacation. The defendant had not been served with summons when the judgment was rendered and defendant had a meritorious defense to the suit. Kirby's Digest, § 4424; 2 Ark. 85, 124. Jurisdiction of courts inferior cannot be inferred, but must be shown. 51 Ark. 317. The record shows a void judgment quashable on certiorari. 2 Ark. 85; *Ib.* 124; 11 *Id.* 301; 51 *Id.* 317; 105 *Id.* 5; 82 *Id.* 330; Kirby's Digest, § 4424.

*R. T. Powell,* for appellees.

The account is justly due and within the jurisdiction of the justice of the peace. Budd was duly served with process. The remedy by appeal was complete, and certiorari does not lie to correct mere irregularities or errors. 101 Ark. 531; 89 *Id.* 609; 39 *Id.* 399; 43 *Id.* 33; 25 *Id.* 476; *Ib.* 518; 37 *Id.* 318; 23 *Id.* 110.

HART, J.   This is a proceeding by J. D. Budd in the circuit court to quash the judgment of a justice of the peace against him in favor of C. B. Lyons.   The proceeding was heard in the circuit court upon the petition for the writ of certiorari, the transcript of the record of the justice of the peace and the motion of C. B. Lyons to dismiss the writ of certiorari.   The circuit court sustained the motion and dismissed the petition.   Budd has appealed.

The transcript of the justice of the peace shows that on the 16th day of February, 1915, C. B. Lyons filed before the justice an account for labor against J. D. Budd for $36.03.   A summons was issued by the justice returnable on the 3rd day of March, 1915.   The return of the constable shows that it came to his hands on the 17th day of Februray, 1915, and was served by him on the 26th day of February, 1915, by delivering a true copy to J. D. Budd.   The justice's transcript further shows that judgment by default against Budd in favor of Lyons was rendered on the 22nd day of February, 1915, for $36.03 and costs; that on the 22nd day of July, 1915, a writ of garnishment was issued on said judgment against the First National Bank of Mena, Arkansas, and that on August 7, 1915, an execution was issued on said judgment and delivered to the constable of the township.

The above facts are, also, set up in the petition for the writ of certiorari.   The petition, also, sets up that the plaintiff did not know that there was a judgment against him in said justice court until July 22, 1918, when the writ of garnishment was served on the First National Bank; that he had a complete defense to said action instituted against him by Lyons in the justice court, and that he was not at that time nor at any other time indebted to C. B. Lyons in any sum whatever.

The circuit court erred in not granting the writ of certiorari.   It appears from the transcript of the justice of the peace and as well from the allegations of the complaint, which are not denied, that the default judgment against Budd was entered on the 22nd day of February,

1915. The summons in the case was not served until the 26th day of February, 1915, and directed him to appear on March 3, 1915. Therefore the judgment is illegal and void, for it was entered up on a day not authorized by the summons, and inconsistent with its mandate, and consequently on a day when the defendant was not bound to appear in court. *Woolford & McKnight* v. *Harrington,* 2 Ark. 85, and *Levy* v. *Ferguson Lumber Co.,* 51 Ark. 317.

The doctrine laid down in many cases that a judgment by default entered by a justice of the peace on a summons served an insufficient number of days before the return day is merely erroneous and not void has no application under the facts presented by the record. The reason for the holding in such cases is that from the moment of the service of the process, the court has such control over the litigants that all its subsequent proceedings, however erroneous, are not void, and therefore can not be attacked collaterally. See *Kerr* v. *Murphy et al.* (S. D.), 8 Ann. Cas. 1138 and case note.

Here the record shows that the judgment was rendered before the summons was served. The complaint alleged that Budd was not at the time he was sued, nor at any other time, indebted to Lyons. This constituted a meritorious defense to the action. Therefore, the transcript of the record of the justice of the peace shows that the judgment was absolutely void and the remedy against it by certiorari was complete. *Knight* v. *Creswell,* 82 Ark. 330.

The principles of law above announced were recognized and applied in *Nelson* v. *Freeman,* 136 Ark. 396. There the relief by certiorari was denied because the party seeking the relief had appeared before the justice of the peace within thirty days after the rendition of the judgment against him for the purpose of quashing the judgment. He failed to appeal from the judgment of the justice, refusing to do so; and the court held that his failure to appeal from the adverse judgment barred him from seeking relief which he might otherwise have obtained.

Here the facts are essentially different. Budd alleges that he did not know of the judgment against him in the justice court until July 22, 1915, when the time for appeal had expired; and this allegation is not denied. It follows that the judgment must be reversed and the cause remanded for a new trial.