ELBERT FARMER ET AL V. R. B. CASSITY *DBA*
CASSITY LUMBER COMPANY.

No. A-4286. Decided November 11, 1953.
(262 S. W. 2d Series 392)

*Cecil, Keith & Mehaffy* and *James D. McNichols,* for movant, Lawyers Surety Corporation.

*James E. Faulkner,* of Cold Springs, for appellant, Elbert Farmer.

On the question of the authority of the Court of Civil Appeals to hold that the surety corporation is estopped to deny the authority of its agent to execute the supersedeas bond. Johnson v. Henderson, 30 S.W. 537; Taylor v. Hustead & Tucker, 257 S.W. 232; Milam County v. Robertson, 47 Texas 223.

*V. A. Collins, Ross Hightower, Livingston, Barnes & Barnes,*

of Beaumont, and *Ghent Sanderford,* of Austin, for appellee, Cassity.

In opposition to the motion cited Collins v. Cooper. 65 Texas 460; Paris Grocery Co. v. Burke, 101 Texas 106; City of Dallas v. Rutledge, 258 S.W. 2d 534.

MR. JUSTICE WILSON delivered the opinion of the Court.

The question certified in this case concerns the proper forum for inquiry into the validity of a supersedeas bond.

Respondent R. B. Cassity recovered judgment against Elbert Farmer on a promissory note. Farmer gave notice and perfected his appeal by filing a supersedeas bond executed by James E. Faulkner as Deputy Attorney In Fact for Lawyers Surety Corporation.

The Court of Civil Appeals, 252 S.W. 2d 788, affirmed the judgment of the trial court and then under Rule 435, Texas Rules of Civil Procedure, rendered judgment against both the defendant and Lawyers Surety Corporation. After issuance of mandate the Surety Corporation filed this motion to vacate the judgment on the ground that the supersedeas bond was invalid because James E. Faulkner was not authorized to execute supersedeas bonds.

We are certified this question:

"1. Does this court have the authority and jurisdiction over the matters set forth in the motion of Lawyers Surety Corporation, and to set aside and vacate the summary judgment rendered against it because of the alleged mistake of fact?"

■ The only jurisdiction the Court of Civil Appeals has over the Lawyers Surety Corporation rests upon the supersedeas bond. It follows that an inquiry into the validity of the bond is an inquiry into facts supporting the jurisdiction of the Court of Civil Appeals to render judgment against the surety and is therefore authorized by Art. 1822, V.A.C.S. Cruger v. McCracken, 87 Texas 584, 30 S.W. 537.

■ May the validity of a supersedeas bond be questioned after the issuance of mandate? We hold that it can. A surety might not find out about a forged or unauthorized bond until confronted with process. Under Rule 436, Texas Rules of Civil Procedure, the judgment of the Court of Civil Appeals is the basis for process issued in the District Court. If a surety is to obtain relief

from this judgment by direct attack it would have to be from the court of Civil Appeals. Such an attack might be compared to a Bill of Review. Rule 446 provides for notice if a judgment is set aside by a Court of Civil Appeals after the mandate is issued. This rule was adopted unchanged from old Art. 1868, V.A.C.S.

Under Rule 405, Texas Rules of Civil Procedure, "such defects as defeat the jurisdiction in the particular case" can be put in issue. Rule 406 allows such a motion to be supported by affidavit. We answer the first certified question that the court does have the authority and jurisdiction to determine the validity of the supersedeas bond.

The second question is:

"2. Does the conduct of Lawyers Surety Corporation, after the supersedeas bond was reported to it as an appeal bond, under all the circumstances outlined above, constitute an acceptance of the benefits of the execution of the bond so as to amount to estoppel to deny the authority of Faulkner as deputy attorney in fact, to execute the supersedeas bond?"

The conduct of the Lawyers Security Corporation, as narrated by the Court of Civil Appeals, does not establish either ratification or estoppel as a matter of law. We have no jurisdiction to determine disputed facts, and, therefore, cannot answer this question.

Opinion delivered November 11, 1953.