## Vincent E. Rowe *v.* William D. Cannon.

1. Circuit Court. *Justice of the peace. Appeal. Notice.*

    Upon appeal from the judgment of a justice of the peace to the circuit court it is unnecessary to give notice of the appeal to the adverse party.

2. Same. *Code* 1892, §§ 82, 84.

    The execution of the appeal bond in such case, as required by Code 1892, § 82, and the transmission of the record to the circuit court, as required by Code 1892, § 84, has the effect of continuing the pendency of the suit.

3. Same. *Code* 1892, § 3417.

    Code 1892, § 3417, providing for the issuance of a summons upon the institution of a suit in the circuit court, has no application to a case appealed from a justice of the peace.

From the circuit court of, second district, Bolivar county.

Hon. A. McC. Kimbrough, Judge.

Cannon, appellee, was plaintiff in the court below, and Rowe, appellant, was defendant there. The suit was begun in a justice's court where a judgment after a trial was rendered in defendant's favor. From this judgment the plaintiff, Cannon, duly appealed to the circuit court. When the case came on for trial in the circuit court, Rowe, the defendant, was not present and a judgment in plaintiff's favor was rendered against him, from which he appealed to the supreme court.

*Sillers & Owens,* for appellant.

The circuit court has jurisdiction in appeals from justice courts when appeal bond, the original papers, and certified copy of the proceedings of the justice are filed, as it has jurisdiction in other cases when declaration is filed, but the court cannot render judgment in either case until the defendant has

notice by proper summons legally executed. Code 1892, § 3417, requires summons to be issued in actions in that court.

By actions it is meant any action filed in that court whether by . declaration, petition, appeal or otherwise, and the failure to have summons issued for appellant when the appeal papers were filed in the circuit court and have said summons properly executed upon him will make void any judgment rendered by the circuit court.

An appeal from a justice of the peace to the circuit court is tried *de novo,* and to permit one party to appeal his case to the circuit court and proceed there without any notice to the opposite party would be violating sec. 14 of the constitution, which provides that "No person shall be deprived of life, liberty, or property except by due process of law." In support of this, we refer the court to *Jack* v. *Thompson,* 41 Miss., 49.

*Moore & Clark,* for appellee.

An appeal from the judgment of a justice of the peace to the circuit court is perfected upon the filing and approval of an appeal bond as required by Code 1892, § 82.

Upon approval of the appeal bond the magistrate must certify the record to the circuit court. Code 1892, § 84, the case is then tried *de novo* in circuit court without pleadings in writing at the first term, unless upon cause shown to the contrary. Code 1892, § 85.

CALHOON, J., delivered the opinion of the court.

The bond having been given by plaintiff for appeal to the circuit court from the justice of the peace (Code 1892, § 82), and the certified copy of the record, with the original papers and process and original appeal bond, being sent up to the circuit court (Code 1892, § 84), the case stood for trial *de novo,* without new process to the appellee in that court. None was necessary, because no statute requires it. The case did not stand as a new action, requiring "due process of law." It was,

by the appeal, still a pending action, requiring no process additional to that before the justice of the peace.    The judgment by default in the circuit court was proper.

*Affirmed.*