## Pierre Teller v. John P. Wetherell and Another.

The Supreme Court has jurisdiction of errors of fact as well as errors of law.

The Constitution, in granting to the Supreme Court the power to issue writs of error, and to hear and determine the same, impliedly gives all the common law means of executing that power. If necessary, a venire may be issued for a jury to try in this court the issue joined on assignment of error of fact, or it may be sent to the proper circuit for trial.

The circuit courts have no power, in any case, to issue writs of error.

Errors of fact may be assigned in the Supreme Court on the common writ of error.

Uncertainty and informality in the assignment of errors are no ground for quashing the assignment, or for dismissing the writ.

*Heard October 23d. Decided November 16th.*

Motion to quash assignment of errors, and to dismiss the writ of error.

*D. B. Duffield*, for the motion.

*A. Russell*, contra.

MANNING J.:

The defendant's motion is to quash the assignment of errors, and to dismiss the writ of error.

The error assigned is one of fact, viz., the death of John P. Wetherell before the suit was brought.

The motion is placed on several different grounds:

1st. A want of jurisdiction, in this court, of errors of fact;

2d. That errors of fact are cognizable only in the court

rendering the judgment, which in this case is the Wayne Circuit Court;

3d. That errors of fact can not be assigned on the writ of error in this case, which is a writ for errors of law, and not for errors of fact.

In support of the first ground, it is urged this court is a court of appellate jurisdiction, and therefore can not, on a writ of error, hear and determine any question that was not before the court below, and could not have been heard and determined by it. And we have been referred to adjudications in the state of New York on the jurisdiction of the late Court of Errors of that state, and to the English Exchequer Chamber, and House of Lords, in which it is said errors of fact can not be assigned on a writ of error. There would be much force in the argument if this court was an appellate court only. It has original, as well as appellate, jurisdiction given to it by the Constitution. Section three of article six is in these words: "The Supreme Court shall have a general superintending control over all inferior courts, and shall have power to issue writs of error, habeas corpus, mandamus, quo warranto, procedendo, and other original and remedial writs, *and to hear and determine the same.* In all other cases it shall have appellate jurisdiction only."

It was further said on the argument, that the Legislature had made no provision for the trial in this court of issues of fact, except in cases of informations in the nature of a quo warranto, and that the court has no means of trying an issue of fact in error. The jurisdiction of writs of error is plenary as given by the Constitution; it extends to all errors — to errors of fact as well as of law — and stands in need of no legislative action to make it operative. The Legislature may regulate the proceedings and practice of the court, but this is in no way essential to the exercise of the power. In the absence of legislation, the Constitution, in giving the power unconditionally, impliedly

gives all the common law means of executing it. If necessary, a venire may be issued for a jury to try the issue of fact in this court, or it may be sent to the proper circuit for trial. The same objection was taken in this court, as organized under the old Constitution, on an information in the nature of a quo warranto against the Erie and Kalamazoo Railroad, and it was held that the court might issue a venire to try an issue of fact, if one should be formed in the case.

This was before the statute for the trial of issues of fact in cases of information, referred to, was passed. In 6 *Wend.* 327, the Court of Errors of the state of New York, refused to permit an assignment of errors in fact, on the ground of want of jurisdiction; and it is put on that ground in 10 *Wend.* 51, where the Chancellor says the plaintiff should have brought a writ *coram vobis* in the Supreme Court. A want of jurisdiction, we presume, is the true reason why errors of fact can not be assigned in the Exchequer Chamber or House of Lords, and not the one sometimes to be found in the books, viz. that they can not try an issue of fact. A release of errors may be pleaded in either of these courts, and there must be some way of trying it when the truth of the plea is put in issue.

2d. As to the jurisdiction of the circuit court. The Constitution and statutes defining and limiting its jurisdiction do not give it power in any case to issue a writ of error, and without this power, a writ of error *coram vobis*, issued by that court, would be void. — 20 *Johns.* 22; 14 *Ibid.* 422. And if it had the power, it would not oust this court of its jurisdiction.

3d. The next objection is that errors of fact can not be assigned on the writ of error in this case, because, it is said, the writ is one for errors of law, and not for errors of fact. This objection goes on the ground that errors of fact can not be assigned on the common writ

of error. We have no doubt they may be assigned on such writ, when the court has jurisdiction of this class of errors as well as of errors of law. *Binns v. Pratt*, 2 *Chit. R.* 369 (18 *Eng. C. L.* 109); and *Castledine v. Mundy*, 4 *B. & Adol.* 90 (24 *Eng. C. L.* 30), are writs of error in the King's Bench, on judgments of the Common Pleas, in which errors of fact were assigned, and sustained by the court. And *Maynard v. Downer*, 13 *Wend.* 575, *Camp v. Bennett*, 16 *Wend.* 48, and *Arnold v. Sandford*, 14 *Johns.* 417, are writs of error in the Supreme Court of the state of New York, on judgments of inferior courts, for errors of fact. If this class of errors could be corrected only on writs of error *coram nobis*, or *coram vobis*, the party in many cases would be remediless. The case before us is one of this description, if the error can not be corrected in this court; for the circuit court, as we have already shown, has not power to issue such a writ.

There appears to be much confusion and great want of discrimination in the books, as to the distinctive features and appropriate offices of a writ of error, a writ of error *coram nobis*, and a writ of error *coram vobis*. When the object of the writ is to remove a judgment from an inferior into a superior court, for review, and the correction of errors of law or fact, it is called a writ of error only —nothing more. But when the object of the writ is to correct an error of fact in the same court that rendered the judgment, it is called a writ of error *coram nobis* if it be in the King's Bench, and a writ of error *coram vobis* if it be in the Common Pleas.

A writ of error is an original writ, and in England issues out of the Court of Chancery, and runs in the name of the king. With us, it issues from this court, and under our present judicial organization can issue from no other. It is "in the nature, as well of a certiorari to remove a record from an inferior into a superior court, as of a commission to the judges of the superior court to examine the re-

cord, and to affirm or reverse it according to law." — 2 *Saund.* 101 *a*. The writs *coram nobis* and *coram vobis* differ from a writ of error in two particulars: 1st. They contain no certiorari clause, for there is no record to be certified; 2d. They have no return day, as they are in the nature of a commission only to the court to correct error. They lie for errors of fact, and for errors in the process, or through the default of the clerks. — 1 *Arch. Prac.* 234. They do not lie when the error is in the judgment of the court itself, and not in the process. — 1 *Arch. Prac.* 235. The writ is called a writ of error *coram nobis* in the King's Bench, because the record and proceedings are stated in the writ to remain *before us (coram nobis)*; that is, in the court of King's Bench. — 1 *Arch. Prac.* 234; 2 *Saund.* 101 *a*. The king, by a fiction of law, is supposed to preside in person in that court. In the Common Pleas, where the king is not supposed to preside, it is called a writ of error *coram vobis*, because the record and proceedings are stated in the writ to remain *before you (coram vobis)*; that is, the king's justices. — 2 *Tidd Prac.* 1056, *note y*. See a writ of error *coram vobis* in the Common Pleas in *Arch. Forms*, 243; 2 *Dunlap's Prac.* 1125. In the King's Bench, the writ *coram nobis* also lies on the judgment of an inferior court, after the record has been removed into that court by a writ of error that has been quashed, or has abated — the writ in that court, in such case, answering all the purposes of a second writ of error. The reason of this is, that the record of the inferior court, and not a transcript of the record, is returned, or is supposed to be, although a transcript only is sent up. Saunders says, "The record itself is supposed to be removed, that it may remain as a precedent, and evidence of the law, in similar cases." — 2 *Saund.* 101 *m*. But a writ *coram vobis* will not lie in the Exchequer Chamber on the abatement of a writ of error there. "If a writ of error brought in the Exchequer Chamber upon a judgment in the King's Bench

abate by death or otherwise, no writ *coram nobis* (*vobis*) lies there, for the record itself is not removed there by the writ of error, but only a transcript; and therefore there must be a new writ of error."— 2 *Saund.* 101 *b.* The judgment for plaintiff for an error of fact on a writ *coram nobis* or *coram vobis* is, that the judgment be *revoked;* on a writ of error, that it be *reversed.*— *Camp v. Bennett,* 16 *Wend.* 48.

Other objections were urged on the argument; as the uncertainty of the assignment of errors; that it does not conclude with a verification; that it prays the judgment may be reversed; and the like. Whether any or all of them be well or ill taken, it is not necessary for us now to decide, as they relate to the pleading, and not to the jurisdiction of the court, and are no ground for quashing the assignment of errors, or dismissing the writ.

Defendant's motion must be denied. Plaintiff having made a cross motion for leave to amend, ten days are given him to withdraw his assignment, and file and serve a new assignment of errors on defendant's attorney. All subsequent pleadings to be filed under the rules of court. Neither party to have costs.

The other Justices concurred.