F. M. James *v.* S. C. Williams.

44  47
85  100

1. Writ of error *coram nobis.*—Although there is no reference in the Revised Code to a writ of error *coram nobis*, it is nevertheless a common law remedy, and may be adopted in a proper case. The same object may, however, be affected by motion, which is the usual practice in the appellate court.

Error to the circuit court of Chickasaw county.   ACKER, J.

The plaintiff in error, assigned the following :

The judgment rendered in this cause by this court, on the 16th May, 1866, was erroneous in matter of fact in this, that John C. Holloway, administrator of Nancy Martin, deceased, the defendant in error in the original suit, was, at the time said judgment was rendered, dead, and there was no revival of said cause against his successor, or the plaintiff in error in the present cause.

*Harris & Withers,* for plaintiff in error.

This is a writ of error *coram nobis,* to the judgment of this court rendered on the 15th of May, 1866, dismissing the original cause for want of prosecution, and rendering judgment of affirmance as to the practice of the court in such cases. The practice of the court in a case like this has been to vacate or recall the judgment on motion ; but, of course, the writ of error *coram nobis* will lie. The error is that Holloway, the administrator of Nancy Martin, in whose favor the judgment below was rendered, as also the judgment of this court, was dead at the time the judgment of this court was rendered.

The petition, which is in effect an assignment of errors, is sworn to ; and this is sufficient in the absence of any denial on the part of the defendants in this proceeding, to establish the facts. The court, in Harrell v. Stockstill (not reported), decided at motion, on evidence no higher. The suggestion of death, not denied, is held to be sufficient in cases of revival. The defendants have been cited, and do not appear to deny the fact.

The entry in the case will simply be, that it appears to the court that said judgment of May 15th, 1866, was rendered in favor of John C. Holloway, who had departed this life after the suing out of the writ of error in the cause, it is ordered that the said judgment be recalled, vacated, and held for naught.

On this verdict being entered, the case is to be then revived

in the name of F. M. James, administrator *de bonis non* of Nancy Martin, and then dismissed for want of prosecution, and judgment of affirmance now.

In the judgment of May, 1866, there is an error which should be corrected in entering the judgment here. There was an omission to give judgment for ninety dollars, damages assessed below and included in the judgment of the court below.

The plaintiff in error in the original cause being in default, of course the record will not be examined for errors; but, on examination, it will be found singularly free from errors.

No counsel appeared for defendant in error.

TARBELL, J. :

In the circuit court of Chickasaw county, at the October term, 1869, in an action of replevin, John C. Holloway, administrator *de bonis non*, of Nancy J. Martin, deceased, recovered a judgment against Samuel C. Williams, administrator of Samuel Williams, deceased, for the sum of two thousand dollars debt, and ninety dollars damages, besides costs, etc.

The defendant in the court below, brought writ of error to the high court of errors and appeals, wherein, at the April term thereof, 1866, the writ of error was dismissed, and the judgment of the circuit court affirmed.

In November, 1867, F. M. James applied, by sworn petition, for a writ of error *coram nobis*, stating, that, at the time of the rendition of the judgment in the high court of errors and appeals, on the 15th day of May, 1866, John C. Holloway, administrator and plaintiff, was dead, and that since his death, the petitioner had been appointed administrator *de bonis non* of the estate of said Nancy J. Martin, deceased, in the place of said Holloway, deceased. The petition prayed that upon the return of the writ, the said judgment be set aside, and the cause revived in the name of petitioner, F. M. James, reference being had to the petition for a more complete statement. The writ was allowed, and citation ordered to be issued, by the clerk of the high court of errors and appeals,

by Mr. Justice Ellett, then one of the judges of that court, November 18th, 1867.   A summons was accordingly issued, served, and returned in due form.   Summons issued November 22, 1867; served on Samuel C. Williams, in person, December 14, 1857; returned and filed with the clerk, December 23, 1867.

The papers are marked: " Submitted at the October term of the high court of errors and appeals, 1869, and again at special term, June 13, 1870."

There is no appearance on the part of Samuel C. Williams, in this court, and the cause has been once dismissed for want of prosecution.  The summons contained, substantially, the facts set forth in the petition, the judgment, the death of Holloway, etc., and these facts being sworn to, and the defendant neglecting to appear in answer to the citation, the allegations may be assumed to be true, for the purpose sought to be attained.   There is no reference to a writ of error *coram nobis* in the code, but it is a common law right.  1 How., 122, Archbold's Pr. & Pl.

The judgment, as in this case, may be recalled, and the cause revived, either by this writ, or by motion, the latter mode having been several times adopted and acted upon in this court.  All the facts considered, the practice adopted by counsel, in this instance, is little else than, if not equivalent, to a motion.

Let the judgment be recalled and held for naught, being absolutely void as against a dead man at the time of the rendition thereof, and the cause revived and restored to the docket, in the name of F. M. James, administrator, etc., of Nancy J. Martin, deceased, and the former judgment affirmed.