### WILLIAM P. HOLT *v.* STATE OF MISSISSIPPI.

1. CRIMINAL PROCEDURE.   *Writ of error coram nobis.*

   A petition for writ of error *coram nobis*, supported alone by the affidavit of defendant, after conviction of murder, charging that one of the jurors (not naming the one), was not a citizen or qualified elector of the county; that some unknown person had falsely informed the jury, pending the trial, that defendant had previously killed two men and shot a third, and that one of the state's witnesses (not naming the one) had stated to several persons (not named), before the trial, that he was not present at the killing and knew nothing about it, is too vague and uncertain to entitle petitioner to relief.

2. SAME.

   Whether a writ of error *coram nobis* be allowable in a criminal case, *quaere.*

3. CRIMINAL LAW.   *Threats.   Evidence of other crimes.*

   Where a defendant on trial for murder has offered competent evidence of threats by decedent to do him personal violence, it is incompetent for the state to show that such threats were made in consequence of defendant's dishonesty in a transaction with deceased.

FROM the circuit court of Itawamba county.
HON. EUGENE O. SYKES, Judge.

Holt, the appellant, was convicted of murder. After the conviction he applied to the circuit judge for a writ of error *coram nobis*, the facts in respect to which are stated in the opinion of the court delivered by Judge Calhoon. The·writ being denied, appellant presented two appeals to the supreme court, one from the denial of said writ of error and the other from the conviction of murder. The facts on the last named appeal are stated in the opinion of the court delivered by Judge Terral.

*Anderson & Long,* for appellant.

The writ of error *coram nobis* is an unusual proceeding, not only in this state, but of late years elsewhere. However, it is one recognized by common law, and is authorized in this state in a proper case. In 5 Enc. Pl. & Prac., pp. 26–37, will be found a treatise on the pleading and practice and procedure in cases where a writ of error *coram nobis* is appropriate. This court has recognized this proceeding in several cases; however, none of them recent, and none of them at all parallel to this case, and therefore not in point except for the purpose of showing that it is a proceeding not obsolete in Mississippi. *Parkinson* v. *Waldron,* 7 Smed. & M., 189; *Fellows* v. *Griffin,* 9 Smed. & M., 362; *Miller* v. *Patton,* 3 Smed. & M., 463; *Miller* v. *Ewing,* 8 Smed. & M., 421; *Land* v. *Williams,* 12 Smed. & M., 362; *James* v. *Williams,* 44 Miss., 47.

The attorney-general cites *Tyler* v. *Morris,* 34 Am. Dec., 395, in support of the proposition that there is no appeal from the judgment of the court declining the writ of error *coram nobis.* This was a case in which a motion was made for the writ upon affidavits setting forth that plaintiff, Tyler, was dead at the time the judgment was rendered. The attorney for plaintiff appeared and contested the motion by counter affidavit, and the court refused to grant the writ because the proof showed that the plaintiff was not dead when the judgment was rendered. In the first place we do not think this·is a case in

point, and in the next, we confidently believe this court would not follow it. It is not good law.

Section 32, code of 1892, and other sections of chapter 5, on appeals, give the right of appeal in all cases from final judgments and decrees. The judgment of the court, refusing to grant the writ in this case, was certainly a final judgment. That was the end of the matter so far as the petitioner was concerned. It may be, as contended, that whether or not a writ shall be granted is a matter of discretion with the circuit court or circuit judge, still, the supreme court has the right to review the exercise of that discretion. It will see that there is no abuse of that discretion.

It was certainly error for the court below to permit the state to offer evidence showing, or tending to show, that appellant defrauded the deceased in the lumber transaction. Such evidence was wholly irrelevant, but it was greatly harmful.

*Walker & Tubb* and *Monroe McClurg*, attorney-general, for appellee.

Even if the writ of error *coram nobis*, be applicable to a criminal case, the appeal from its refusal by the circuit judge, cannot avail appellant, because—

1. The office of such a writ of error is to correct a judgment and not to obtain a new trial.

2. The averments of the petition for the writ are too general, and specific facts are not stated in it. *James* v. *Williams*, 44 Miss., 47.

3. The judgment of the circuit judge denying the writ is not appealable. *Tyler* v. *Morris*, 4 Dev. & B., 487, s.c. 34 Am. Dec., 395.

The only question on the merits that is worthy of a moment's consideration is the admissibility of the evidence showing that appellant's dishonest transaction with the deceased provoked the pretended threats made by deceased. It does seem to us that no man should be permitted to extort threats from an-

other and then make such threats a pretext for slaying him. This is exactly what appellant did. The conviction should be affirmed.

Argued orally by *W. D. Anderson*, for appellant, and *W. B. Walker*, for appellee.

### ON WRIT OF ERROR CORAM NOBIS.

CALHOON, J., delivered the opinion of the court on the appeal from the denial of the writ of error *coram nobis*.

Holt was convicted of murder and the death penalty had been pronounced. After the court had adjourned he presented to the circuit judge, in vacation, his petition for a writ of error *coram nobis*, asking that the verdict and judgment be vacated, because:

1. One of the jurors was not a citizen nor qualified elector of the county of the trial.

2. "Because it was communicated to the jury which tried your petitioner, while said trial was in progress, either by the officers in charge of said jury, or some outsider, that your petitioner had killed two men and shot another, before the homicide of Jesse Ridings, for which he was then being tried, which statement was untrue, but which was to his prejudice and deprived him of a fair trial."

3. Because a state witness had stated to divers persons, before the trial, that he was not present at the killing and knew nothing about it, and, but for his testimony there would have been no conviction.

The petitioner avers that he used due care and diligence and did not know of any of these things until after the court of his trial had adjourned, and prays supersedeas of his execution. The judge denied the writ and Holt appeals. The petition is supported by no affidavit except that of the petitioner himself.

We decline now to decide whether such a writ, if allowable

at all, may be reviewed here by appeal from the action of a circuit judge in vacation refusing it.    Neither is it necessary to decide whether, if the writ may be invoked in criminal cases, it may be invoked in any other instance than where the facts produced show that the judgment, because of the facts produced, was a nullity as in case of its rendition against an insane person, or trial in the absence of the accused without arrest or process, etc.    Certain it is that the action of the judge below, on this record, was correct in any view of the law.    No court would ever grant a new trial on the showing made here.    The petition is too vague.    It does not put the state on notice of anything which it could prepare to combat.    It is simply an invitation to make war on a windmill.

Neither the witnesses nor their affidavits are produced.    The witnesses are not even named.                          *Affirmed.*

### ON THE MERITS.

TERRAL, J., delivered the opinion of the court on the merits.

W. P. Holt, the appellant, was convicted in the circuit court of Itawamba county of the murder of Jesse Ridings, and was sentenced to be hanged.    On the trial of the case there was evidence in behalf of the state tending to show that Holt had armed himself for a deadly encounter, and was the aggressor therein.    On the part of the defendant it was shown that Ridings, at the moment of the killing, attempted to draw a pistol, and, as an interpretation of that attempt, it was shown that Ridings, previous to the killing, made threats against the life of Holt; that a specific threat of Ridings, the day previous to the killing, was that he would kill Holt as quick as he would a dog; and to countervail this evidence of the defendant, the state, over the objection of the defendant, introduced William Atkins, who testified that whatever of threats was made by Ridings on the day preceding the killing was in consequence of an unfair division of lumber made of timber brought by Ridings to Holt's mill, and which Holt was to saw on equal shares,

and that the share of the lumber given by Holt to Ridings was merely culls, of which not more than one-tenth or one-fifteenth part was good lumber, and the appellant complains of this evidence as impertinent and hurtful.

We are of the opinion that the complaint is well founded. It is a principle of common law governing the trial of causes that the facts given in evidence must be pertinent to the issue, and that all facts not so pertinent should be rigidly excluded.

It was competent for the state to show any conduct or words of the defendant, made or said within a reasonable time before the killing, which tended to show a purpose on the part of the defendant to take the life of the deceased, and so it was competent for the defendant to show any previous threat to take his life when coupled with some overt act made by the deceased at the time of the encounter indicating a purpose to kill the defendant; but it is not competent for the state, in addition to evidence of threat or of preparation, to also show that the defendant is guilty of other crimes, or holds sentiments which should not be tolerated or that·he is dishonest.

In this case an offer to prove that the defendant was a thief and had been guilty of larceny, would, we doubt not, have been instantly rejected, and yet the difference between proving larceny and an act of distinct dishonesty is a difference more in name than in reality, for both are a plain violation of the divine precept which says "thou shalt not steal."

William Atkins, a relation of the deceased, over the objection of the defendant, testified that deceased furnished logs at the mill of Holt which it was agreed should be sawed into lumber and divided equally between deceased and Holt, and that the portion of the lumber turned over to Ridings by Holt was mere culls, the good lumber of which was not more than fifteen per centum of the output, thus clearly placing before the jury a case of palpable fraud and dishonesty on the part of Holt. It may be that Holt, if he had anticipated such charge, could have rebutted it; but, whether he could do so or not, it was not rele-

vant to the issue before the jury. The circumstances in evidence were sufficiently afflicting to distract the attention of the defendant, and this evidence of Atkins placed upon him a burden which the law does not call upon him to assume.

This rule, among others of the common law, adopted to secure a fair and impartial trial of causes, may not be lightly disregarded, especially when the life of a citizen trembles in the balance. Wharton's Crim. Ev., secs. 30, 757; *Spivey* v. *State*, 58 Miss., 858; Brame & Alexander's Digest, title, Evidence, part 3; 1 Greenleaf on Evidence (9th ed.), sec. 49, *et seq.*

*The judgment of the circuit court is reversed and annulled, and a new trial is awarded.*