## J. W. CORRY *v.* R. J. BUDDENDORFF.

### [54 South. 84.]

1. JUSTICE OF THE PEACE. *Appeal. Notice. Writ of error coram nobis.*
   *Judgment.*

   Upon an appeal from the judgment of a justice of the peace to the
   circuit court, it is unnecessary to give notice of the appeal to the
   adverse party.

2. SAME.

   Where a defendant after judgment in his favor in a justice of the
   peace court was informed by the justice of the peace that no
   appeal had been asked for and relying on this, in ignorance of
   such appeal, failed to make any defense in the circuit court, this
   did not entitle him to a writ of error *coram nobis* to review a
   judgment for plaintiff in the circuit court.

3. WRIT OF ERROR CORAM NOBIS.

   A writ of error *coram nobis* is intended to correct a mistake of fact
   not an error of law and such mistake of fact must be such as
   would have prevented the rendition of the judgment on the former
   trial, and the failure to present such fact must be without fault
   of the party asking such writ.          . . .

APPEAL from the circuit court of Harrison county.
HON. W. H. HARDY, Judge.

Petition by J. W. Corry for writ of error *coram nobis*
to review a judgment in favor of R. J. Buddendorff.
From a judgment dismissing the petition, petitioner
appeals.

The facts are fully stated in the opinion of the court.

*J. A. Leathers,* for appellant.

While it is true, this court has announced the rule to
be that the law does not contemplate that any notice
shall be given to the opposite party, by the party appeal-
ing from the judgment of a justice of the peace, at the
same time, we desire to call this court's attention to the

fact that the point sought to be raised in this case is not that appellant is complaining that notice was not given him of the appeal from the judgment of the justice of the peace, by the appellee, Buddendorff, but that appellant complains of erroneous information which was conveyed to him by said justice of the peace, through his said agent Andrews, after appellant had made inquiry as to whether or not, an appeal had been taken, and that on account of said erroneous information, appellant was precluded from employing counsel, and from making his defense to said suit in the said circuit court of Harrison county, which he would have otherwise done.

It will be noted, that the petition of appellant for said writ of *coram nobis,* recites that appellant did use diligence and make inquiry as to whether or not any appeal had been taken, but was misled in having been told that no appeal had been perfected from the judgment of said justice of the peace. The error assigned in this court, is the action of the circuit court in sustaining the motion of the appellee, Buddendorff, to dismiss the petition of appellant for said writ of *coram nobis,* and the further action of said circuit court in dissolving the supersedeas which had already been issued in said cause before said motion was heard.

We think under the facts set up in the petition of appellant for the writ of *coram nobis,* that the court should have at least tried said petition on its merits in order that an investigation of the facts alleged in said petition, might have been made, and in order that it might have been ascertained as to whether or not, said justice of the peace had wrongfully told appellant's agent that no appeal had been taken, when in fact one had been taken.

We understand the principles of law in matters of this kind to be: That where the party seeking relief by the writ, assigns as his ground for said relief an excusable mistake of fact, which facts do not appear on the record,

and which shall be such that if known in season would have prevented the rendition of the judgment in question, then the writ of error *coram nobis* will lie, and the party applying for it is entitled to the relief thereunder, if the allegations of his petition setting up said facts are sustained. Ency. P. & P., vol. 5, pages 27 and 28.

We presume it will not be controverted that this remedy is still in force in this state, although no reference is made to it in the statute. *James* v. *Williams,* 44 Miss. 47.

There are but few decisions of this state dealing with the writ of error *coram nobis,* and those that have been rendered are not in point with the case at bar; they having been decided on other questions than the one involved in this case.

*Gex & Harrison* and *R. F. Langston,* for appellee.

Sixth vol., American and English Ency. of Law (1st Ed.), at page 810. Definition of Writ of Error *Coram Nobis.*

"In the trial of a cause, if matters exist which are not brought into issue, such as affect the validity and regularity of the proceeding itself, at common law, the writ of error *coram nobis,* was issued in order to gain justice. It is called *coram nobis* because the record and process upon which it is founded are stated in the writ to remain before us; that is, in the court in which the trial is; this writ always lies in the same court where the record is. Matters which affect the validity and regularity of the proceedings are such as the death of one of the parties at the beginning of the suit; the appearance of an infant in a personal action, by an attorney, and not by guardian; the marriage of a woman at the beginning of a suit when her husband is not joined with her."

This writ *coram nobis* does not lie to correct any error in the judgment of the court, nor to contradict or put in issue any fact already adjudicated.

In *Howard* v. *State,* 24 S. W. 8, 58 Ark. 229, cited in
8th vol., Words and Phrases, at page 7536: "The writ
of error *coram nobis* is now in little use. In practice the
same end is generally accomplished by motion. The
office of the writ is to correct an error of fact in respect
to a matter respecting the validity and regularity of the
proceeding in the same court in which the judgment was
rendered, and where the record is and the error assigned
is not for any fault of the court; those errors which
precede the judgment as error in the proceedings which
are through the fault of the clerk; where an infant ap-
pears by attorney and not by guardian; where the
defendant was insane at the time of the trial, or died
before judgment."

In Freeman on Chancery, 94, that author says: "The
writ of error *coram nobis* is not intended to authorize
any court to review and revise its opinion; but only to
enable it to recall some adjudication made while such
facts existed which, if before the court, would have pre-
vented the rendition of the judgment, and which, without
any fault or negligence of the party, was not presented
to the court."

In *Miller et al.* v. *Ewing et al.,* 8 Smed. & M. Miss. 421,
The facts are about as follows: The suit was against
the maker and endorsers of a promissory note, Miller
and Cox being the second and third endorsers. Process
was issued to Madison county for the maker and first
endorser, and to Washington county for Miller and the
last endorser, but was not returned. George R. Fall was
the maker, and William H. Washington was the first
endorser. To the declaration, a plea was filed by an at-
torney of the court, commencing in these words: "And
the said defendants, Washington, Cox and Miller, come
and defend," etc., and the plaintiff obtained a verdict
and judgment. An execution was levied on the
property of Miller. Miller petitioned for a writ of error
*coram nobis* and *supersedeas,* stating in his petition that

he had never been served with process; that the attorney
who filed the plea was not employed by him in that or
any other case, and that he knew nothing of the suit or
judgment until the execution was levied on his property.
At the hearing of the motion the defendant in the court
below proposed to make up an issue to try whether
"Ott" was their attorney and proposed to prove that
the attorney was not employed by them; that he had no
authority to appear in the suit; that such appearance
was unknown to plaintiff in error and had never been
approved; that the plea was filed at the request of plain-
tiff's attorney in order that his client might get a judg-
ment at that term against the maker of the note; that
this was done under promise of Ewing and Cromy that
the appearance and judgment should not operate pre-
judicially to the other defendants. The court refused to
allow the issue and proof to be made. Chief Justice
Sharkey in writing his opinion in this case says: "The
apparent hardship in this case has induced us to examine
into the question involved, with great care," etc. We
admit then that the jurisdiction of the court is a subject
of inquiry, even in the judgments of our own courts;
but how is the inquiry to be made? That is the question.
It is a question of evidence, and comes down to this:
Will parol evidence be received in a court of law to con-
tradict the record by proving a fact to be untrue, which
is affirmatively asserted to be true on the record? If so,
then any fact may be disproved; one as well as another.
This would be making judgments *prima facie* evidence
—good until disproved. If a party may open and re-
verse a judgment, by denying that he appeared by attor-
ney, he may also deny an appearance made in proper
person. It would open the door to an inquiry as to
the employment of an attorney, or as to the appearance
of the party, to be decided by the jury, and judgments,
instead of being the end, would often be the beginning
of litigation. A judgment, before it could be said to

import verity on its face, would require the aid of a second judgment establishing the jurisdiction of the court in the first.

Cyc. 23, page 885. Note. Requisites of application. "The application for the writ must show that, if the facts on which the error is predicated had been presented to the trial court the judgment complained of could not have been entered." *Dodds* v. *State*, 63 Kan. 321.

Cyc. 23, page 885, paragraph 29, grounds for application. "But the writ may issue where there is a vital jurisdictional defect not apparent on the face of the record, or on account of the death of a party before judgment, or the infancy, insanity, or coverture of defendant, such disability not having been brought to the notice of the court before judgment, or where a default has been irregularly entered against a party not legally in default, or has been taken against him by fraud, accident, or mistake, without fault on his part."

We submit that if the record was as appellant states it in his brief, to be, it could avail him little under the ruling of this court in the case of *Rowe* v. *Cannon*, 84 Miss., page 101, the court speaking through Calhoun, J., said: "The bond having been given by plaintiff for appeal to the circuit court from the justice of the peace, and the certified copy of the record, with the original papers and process and original appeal bond, being sent up to the circuit court, the case stood for trial *de novo*, without new process to the appellee in that court. None was necessary, because no statute requires it. The case did not stand as a new action, requiring due process of law. It was, by the appeal, still a pending action, requiring no process additional to that before the justice of the peace. The judgment by default in the circuit court was proper."

An appeal from a justice of the peace must be regularly noticed for trial in the time and manner prescribed by statute or rule of court. Cyc. 24, page 724.

In the case of *James* v. *Williams,* 44 Miss., page 47, referred to by appellant in his brief, a judgment was obtained against a man who was dead at the time of the rendition thereof. The court, in that case, properly held that a writ of error *coram nobis* should be granted. The authorities, so far as we are able to find, universally · hold the death of a party before judgment is grounds for the issuance of a writ of error *coram nobis.* Cyc. 23, page 884, par. 2.

McLAIN, C.

Appellant filed a petition in the circuit court of Harrison county for a writ of error *coram nobis,* which, upon hearing, was dismissed by the court, and judgment rendered against appellee, from which action of the court appellant appeals to this court. °

This cause originally began in a justice of the peace court of Harrison county, by Buddendorff filing suit against Corry on open account. On May 3d, 1909, judgment was rendered in favor of Corry, and on the 6th day of May following Buddendorff appealed to the circuit court, which convened on May 17th following. On the third week of said term, Buddendorff obtained judgment against Corry for the amount sued for in the justice court; Corry not appearing in person or by counsel. In July following, after court had adjourned, Corry filed a petition for writ of error *coram nobis,* which writ was issued on that day. At the November term of circuit court, upon motion of Buddendorff to dismiss the petition of Corry, filed in said cause, for writ of error *coram nobis,* the petition was dismissed by the court, and judgment rendered in favor of Buddendorff.

The petition alleges, among other things, that, subsequent to the rendition of the judgment in the justice of the peace court, Corry, through an agent, made inquiry of the justice of the peace if an appeal had been taken, and was informed that no appeal had been asked for,

and, relying upon this information, he gave the matter no further attention. The record does not clearly show whether or not this inquiry was made before or after the appeal was taken. But this is, in our opinion, immaterial. The petition shows that Corry was in ignorance of the appeal. But this alone will not disturb the judgment rendered in the circuit court.

Upon an appeal from the judgment of a justice of the peace to the circuit court, it is unnecessary to give notice of the appeal to the adverse party. "The bond having been given by plaintiff for appeal to the circuit court from the justice of the peace, and the certified copy of the record, with the original papers and process and original appeal bond, being sent up to the circuit court, the case stood for trial *de novo,* without new process to the appellee in that court. None was necessary, because no statute requires it. The case did not stand as a new action, requiring 'due process of law.' It was, by the appeal, still a pending action, requiring no process additional to that before the justice of the peace. The judgment by default in the circuit court was proper." *Rowe* v. *Cannon,* 84 Miss. 101, 36 South. 146.

The writ of error *coram nobis* has become obsolete in many of the states, and it is rarely resorted to in our own, being superseded by the more speedy remedy by motion. But we find either is permissible under our practice. *Miss. & Tenn. Railway Co.* v. *W. H. Wynne,* 42 Miss. 315. It is a well known principle of law that the writ of error *coram nobis* is intended to correct a mistake in fact, not error of law. "This is a writ which lies in the same court which rendered a judgment, and brings its own judgment before it for review and reversal or modification, on account of some error of fact, not of law, affecting the validity and regularity of the proceedings, and which was not brought into the issue." 23 Cyc., p. 883.

But the error in fact, which will render a judgment erroneous, must be such as would have prevented the rendition of such judgment, if the fact had appeared on the former trial. ''The writ of error *coram nobis* is not intended to authorize any court to review and revise its opinions, but only to enable it to recall some adjudication, made while some facts existed which, if before the court, would have prevented the rendition of the judgment, and which,·without any fault or negligence of the party, was not presented to the court.'' Freeman on Judgments (3d. Ed.), 94. As, for example: ''Where there is a vital jurisdictional defect not apparent on the face of the record, or on account of· the death of a party before judgment, or the infancy or insanity of defendant, such disability not having been brought to the notice of the court before judgment.'' 23 Cyc., pp. 884, 885.

In the case of *Miller* v. *Ewing*, 8 Smedes & M.· 431, our court, speaking through Judge Sharkey, said: ''We admit then, that the jurisdiction of the court is a subject of inquiry, even in the judgments of our own courts; but how is the inquiry to be made? That is the question. It is a question of evidence, and comes down to this: Will parol evidence be received in a court of law to contradict the record by proving a fact to be untrue which is affirmatively asserted to be true on the record? If so, then any fact may be disproved—one as well as another. This would be making judgments but *prima facie* evidence—good until disproved. If a party may open and reverse a judgment, by denying that he appeared by attorney, he may also deny an appearance made in proper person. It would open the door to an inquiry as to the employment of an attorney, or as to the appearance of the party, to be decided by a jury, and judgments, instead of being the end, would often be the beginning, of litigation. A judgment, before it could be said to import verity on its face, would require the

aid of a second judgment, establishing the jurisdiction of the court in the first.''

After a careful review of this case, we are of the opinion that the trial judge was correct in dismissing the petition for writ of error *coram nobis*. The reasons leading to such a conclusion are founded upon sound principles of law. Every lawsuit should have an end. The law has provided for the citizen plain and easy methods by which he can have, by the exercise of due diligence, his case legally tried, as well as all supposed or real errors committed during trial, both in law and fact, reviewed in the trial court, as well as in the supreme court. When these plain methods or remedies of the law are followed to final judgment, or through negligence or otherwise are waived, the litigation must cease. The above writ under these conditions, or under the facts of this case, cannot be invoked. It cannot be made the basis for inquiry into an alleged error of fact, when such fact might have been presented at the trial, or upon motion for a new trial. To hold otherwise, ''judgments, instead of being the end, would often be the beginning, of litigation.''

*We are of the opinion that the case should be affirmed.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated by the commissioner, the case is affirmed.