JAMES G. BENNETT *v.* STATE.

[63 South. 339.]

CRIMINAL LAW. *Writ of error coram nobis. Grounds.*
    Where a defendant has been convicted of bigamy, neither the fact that he had been legally divorced from his first wife before his marriage to the second, nor that his second marriage was void, for the reason that it was contracted by him under duress, can be made the grounds for the writ of *coram nobis,* for the reason that they existed at the time of the trial.

APPEAL from the circuit court of Yazoo county.
HON. W. A. HENRY, Judge.

James G. Bennett having been convicted of bigamy, filed a writ of error *coram nobis,* and from an order denying the writ, appeals.

The facts are fully stated in the opinion of the court.

*A. A. Hammond,* attorney for appellant.

In the case of *Fugate* v. *State,* 85 Miss. 94, Judge WHITFIELD said, while chief justice, that the writ of *coram nobis* applied to both civil and criminal cases in Missis-

sippi, and that where a proper case was made out any judgment would be recalled and a new trial awarded. However, in that case, the court held that the case then before the court did not warrant the remedy because the facts did not show that the appellant was entitled to the writ. This case is now before this court, not as a new case, but simply in an effort to reopen the old case. The meaning of the words that describe this writ being translated is "before you," hence this is still before the supreme court on appeal just as it was before the trial court on the original petition.

In the Fugate case, the court very properly held that the writ could not issue, and that the circuit judge was not in error. I concur in the opinion there; there was nothing in that case to warrant the remedy; there was nothing in the case to show that the applicant was entitled to the remedy, because he did not ask it on facts that were unknown to the trial court at the time the sentence was imposed; they asked it upon a matter already adjudicated by the trial court; whereas, in this case, we have the evidence of the trial court that he knew nothing of this nor of these facts until the hearing at Jackson. He goes further than any trial judge on record in a case of this character, and takes the witness stand to testify that he never "heard of it until now" meaning time of hearing. Hence we see that we come upon the grounds for which the writ was intended to furnish relief; viz: some fact existing at the time of the trial which was unknown to the trial judge, but which if it had been known would have prevented the judgment from being entered. It will be remembered that in the order denying the writ, the learned trial judge said that the "writ cannot issue as a matter of law;" in this he is certainly in error, because as a matter of law it cannot be denied where a case entitling the appellant to the remedy is made out. *Fugate* v. *State*, 85 Miss. 94. "It is not a writ of right, but will always be granted where errors of fact are shown to

exist.'' 5 Ency. Pleading & Practice, 32; *Highby* v. *Comstock,* 1 Den. (N. Y.) 652..

It being a settled question of law in this state settled by the decision in this court in the *Fugate case,* supra it will not be necessary for me to cite authorities to sustain my contention that the writ applies to both civil and criminal cases where a proper showing is made, but if the court desires authority in this, I respectfully cite the cases of *Holford* v. *Alexander,* 46 Amer. Dec. 257-261; *State* v. *Calhoun,* 32 Pac. Rep. (Kan.) 38; *Sanders* v. *State,* 85 Ind. 318; *Adler* v. *State,* 35 Ark. 522; *Powell* v. *Gott,* 13 Mo. 458; *Latshaw* v. *McNees,* 50 Mo. 381.

*Frank Johnston,* assistant attorney-general, for the state.

The first proposition that I submit to the court is, that on the peculiar facts of this case, this court on appeal ought not to disturb the decision and the judication of the trial court unless there appears in the record some manifest abuse of power, or unless his action is clearly and manifestly against common right and justice in the case.

The universal doctrine in respect to the writ of error *coram nobis* from the origin of the writ down to the present time is that it is not *strictissimi juris* a writ of right, but the meaning of the writ is largely within the discretion of the court. 5 Ency. Pleadings and Practice, 32. This rule is announced expressly in the following cases: *Tyler* v. *Morris,* 4 Dev. & B. (N. Car.), 487, 34 Am. Dec. 395; *Higbie* v. *Comstock,* 1 Den. (N. Y.) 652; *Camp* v. *Kingsley,* 19 Wend. (N. Y.) 620. If an error of fact is shown to exist in a proceeding in the trial court *dehors* the record, which would render the judgment invalid, the usual practice is to grant the writ of *coram nobis.* As illustrative of this, I refer the court of the case of *Higbie* v. *Comstock,* 1 Den. (N. Y.) 652.

Of course, if the error, either of law or fact, is shown on the face of the record, the writ of error was the proper

mode of procedure, and excluded the writ of error *coram nobis.* But the doctrine is true that the writ is not a writ of right, but in stating this rule, I simply state the proposition that the ground of the writ is largely within the discretion of the court. I call special attention of the court to the fact in this case that there is not an error of law or fact appearing in the record of the trial of this case. The whole case was viewed by this honorable court on a writ of error and was affirmed.

The grounds upon which this writ is asked *in pais,* except in this, that the grounds of defense for this writ were all available on the trial of the case. We must, therefore, consider this matter as one proceeding upon the ground of an alleged case of newly discovered evidence of a failure to make a defense, which might have been available in the trial of the case.

I concede that this honorable court had settled a rule of practice in this state that the writ of error *coram nobis* is an obsolete writ. In *Sanders* v. *State,* 85 Ind. 329, 44 Am. St. Rep. 29, the court said:

"It is our opinion that the courts have the power to issue writs in the nature of the writ *coram nobis,* but that the writ cannot be so comprehensive as at common law, for remedies are given by our statute which did not exist at common law, the motion for a new trial and the right of appeal, and these very materially abridge the office and functions of the old writ. These afford an accused ample opportunity to present for review questions of fact, arising upon or prior to the trial, as well as questions of law; while at common law the writ of error allowed him to present to the appellate court only questions of law. Under our system all matters of fact reviewable by appeal, or upon motion, must be presented by motion for a new trial, and cannot be made the grounds of an application for the writ *coram nobis.* Within this rule must fall the defense of insanity as well as all other defenses existing at the time of the commission of the crime. Within this

rule, too, must fall all cases of accident and surprise, of newly discovered evidence, and all like matters.''

This language of the Indiana court was quoted with approval by this honorable court in the case of *Fugate* v. *State,* 85 Miss. 86 and 102. Judge WHITFIELD, in delivering an opinion to the court, stated that this exposition of the rule was ''by far the most luminous and exhaustive discussion of the subject that can anywhere be found.'' And Judge WHITFIELD stated further: ''We think this a sound declaration of the present office and scope of this writ.''

This rule is announced in the Encyclopedia of Pleading and Practice: ''That an error of fact, for the purpose of this procedure, does not consist in newly discovered evidence and in support of this rule there are the following cases: *Howard* v. *State,* 58 Ark. 229; *Bigham* v. *Brewer,* 4 Sneed (Tenn.) 432.

I do not think it is necessary to go any further in the exposition of the general doctrine on the subject of the writ of error *coram nobis.*

Argued orally by *James G. Bennett,* the appellant.

SMITH, C. J., delivered the opinion of the court.

Appellant was convicted some time since of the crime of bigamy, appealed to this court, and the judgment was affirmed. Afterwards he filed a petition with the circuit judge in vacation for a writ of error *coram nobis,* the prayer of which petition was by the circuit judge denied after hearing on full evidence. The power of the judge to hear and determine this matter in vacation was not challenged.

The ground of the petition is the alleged existence of certain facts not made known to the court at the time of the trial, and which, had they been known, would have caused a different verdict and judgment to have been rendered, to wit: First, that he had been legally divorced from his first wife before his marriage to the second;

second, that his second marriage was void, for the reason that it was contracted by him under duress. Neither of these defenses can be made the ground of the writ of error *coram nobis*, for the reason that they existed at the time of the trial. *Fugate* v. *State*, 85 Miss. 94, 37 So. 554, 107 Am. St. Rep. 268, 3 Ann. Cas. 326; *Sanders* v. *State*, 85 Ind. 329, 44 Am. Rep. 29; 5 Enc. P. & P. 29.

Appellant alleges that he was deterred from introducing evidence relative to his having contracted the second marriage under duress by fear of personal violence to himself, should he do so. This allegation, conceding but not deciding, that such a fact would constitute a ground for the issuance of the writ prayed for, is not sustained by the evidence.

*Affirmed.*