CARRAWAY *v.* STATE.

(In Banc.  April 25, 1932.  Suggestion of Error Overruled, May 16, 1932.)

[141 So. 342.  No. 29953.]

Powell, Harper & Jiggitts, of Jackson, for appellant.

S. D. Redmond, of Jackson, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

642

Argued orally by **Louis M. Jiggitts**, and **S. D. Redmond**, for appellant, and by **W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

Smith, C. J., delivered the opinion of the court.

The appellant was convicted of rape, and sentenced to be hung. On appeal to this court the judgment of conviction was affirmed, and the sentence ordered to be executed on Friday, January 8, 1932, 137 So. 325. On that day, January 8th, a petition for a writ of error coram nobis, and a supersedeas of the judgment of conviction, were filed with the circuit judge, alleging, in substance, as ground therefor, that the appellant's defense at the trial was an alibi, which he could have established by several witnesses who had been subpœnaed, but who failed to appear at the trial for fear of mob violence, with which the appellant himself was threatened; and because of which he was afraid to, and did not, ask the court for a continuance of the case, in order to obtain the evidence of these absent witnesses. The petition was sworn to by the appellant, but not by the attorney who represented him at the trial; and no affidavit from the absent witnesses as to what their testimony would have been, or now would be, was filed, nor was any excuse given therefor.

The circuit judge refused in writing to grant the writ, accompanying his refusal by an opinion setting forth, among other things, that it appears from the record of the trial that the defense of an alibi was made by the appellant, supported by three witnesses; and that no

evidence had been presented to him, other than the appellant's own affidavit that he or his witnesses were under any danger of mob violence at the time of the trial.

An appeal with a supersedeas from this refusal of the judge to grant either the writ or a supersedeas of the judgment was granted by a judge of this court.

Of the several questions presented by this record, the one that precedes all of the others is: Does an appeal lie from the order of a circuit judge refusing to grant a writ of error coram nobis? That question has not heretofore been decided by this court. Appeals from vacation orders refusing writs of error coram nobis were taken in Holt v. State, 78 Miss. 631, 29 So. 527; Fugate v. State, 85 Miss. 94, 37 So. 554, 107 Am. St. Rep. 268, 3 Ann. Cas. 326; Bennett v. State, 106 Miss. 103, 63 So. 339. In the first two of these cases the court expressly pretermitted a decision of the question of the right to appeal, and in the third the question was not raised by counsel, or referred to by the court.

Appeals from the circuit court to the supreme court lie under section 13, Code 1930, from final judgments only; consequently, the appeal here will not lie unless the order appealed from is a final judgment within the meaning of that statute. In order to decide this question it will be necessary for us to determine the nature of, and the method of obtaining, a writ of error coram nobis.

The writ is of common-law origin, and, as we have no statute dealing with it, is governed thereby. It lies to revise or reverse a judgment "for an error of fact not appearing on the face of the record, which fact was unknown to the court, and which, if known in season, would have prevented the rendition and entry of the judgment challenged." 34 C. J. 393; Fellows v. Griffin, 9 Smedes & M. 362; Fugate v. State, 85 Miss. 94, 37 So. 554, 107 Am. St. Rep. 268, 3 Ann. Cas. 326; Corby v. Buddendorff, 98 Miss. 98, 54 So. 84; Hawie v. State, 121 Miss. 197, 83 So. 158, 10 A. L. R. 205.

The conclusion we have reached renders it unnecessary for us to decide whether the error of fact here alleged is one for which a writ of error coram nobis will lie.

At common law the writ was issued by the cursitor, a junior clerk in the court of chancery, in the name of the king, addressed to the judges of the court in which the judgment sought to be revised was rendered, directing them to examine the record and proceedings on which the judgment was based, and "cause to be done thereon what of right and according to the law and custom of England ought to be done." Archibald's Practice, 275; Archibald's Forms, 236; 2 Tidd's Practice, 1141; Teller v. Wetherell, 6 Mich. 46. The writ was then presented to and allowed by the master in open court; a copy of the order allowing it was then served upon the opposite party.

The issuance of the writ did not operate as a supersedeas, but was permitted to do so in proper cases, upon the giving of security therefor. The plaintiff then assigned error, and, upon issue being joined thereon, the case proceeded to trial and judgment. Archibald's Practice, 275, et seq.; Archibald's Forms, 236, et seq.; 2 Tidd's Practice, 1141, et seq.; Teller v. Wetherell, 6 Mich. 46.

With us the actual issuance of the writ is unnecessary, for this court has more than once said that the relief, for the granting of which the writ of error coram nobis lies, can be granted on a motion or petition, without the issuance of the writ. Mississippi & T. Railroad Co. v. Wynne, 42 Miss. 315; Fugate v. State, 85 Miss. 94, 37 So. 554, 107 Am. St. Rep. 268, 3 Ann. Cas. 326; Corby v. Buddendorff, 98 Miss. 98, 54 So. 84.

This seems to be in accord with the rule in other jurisdictions, and with the statement in Elliott v. McNairy (Tenn.), 1 Baxt. 342, that the issuance of the writ is a mere fiction. The writ is now, and for a long time has been, practically obsolete in England, so much so that, as pointed out by the supreme court of the United States

in Martin Pickett's Heirs v. Legerwood, 7 Pet. 144, 8 L. Ed. 639, cited in Fugate v. State, 85 Miss. at page 101, 37 So. 554, 107 Am. St. Rep. 268, 3 Ann. Cas. 326, Blackstone did not even refer thereto. That statement is equally applicable to Halsbury's Laws of England.

When the writ is actually issued, the practice in this state seems to be to obtain a fiat therefor from the judge of the court in which the judgment was rendered, directing that the writ and citation to the opposite party be issued; and, in a proper case, that the writ, when issued, operate as a supersedeas. The clerk of the court thereupon issues the writ, addressed to himself, directing him to bring the record and the judgment in the case before the court. Fellows v. Griffin, 9 Smedes & M. 362 (where the writ and citation appear in full in the statement of the case); Land v. Williams, 12 Smedes & M. 362, 51 Am. Dec. 117; James v. Williams, 44 Miss. 47; Corby v. Buddendorff, 98 Miss. 98, 54 So. 84. At the term of the court to which the writ is returnable, an issue, either of law or of fact, is made up; if the latter, the disputed questions of fact are tried by a jury. Keller v. Scott, 2 Smedes & M. 81; Fellows v. Griffin, 9 Smedes & M. 362.

The writ and supersedeas, or either, do not issue as a matter of right, but, in order to obtain either, it must be made to appear to the judge to whom the application therefor is made that there is reasonable certainty of error of fact in the judgment of the character, for the correction of which the writ, or its modern equivalent, will lie. Holt v. State, 78 Miss. 631, 29 So. 527; Bennett v. State, 106 Miss. 103, 63 So. 339; 34 C. J. 400.

From this it is clear that the granting or refusal of a fiat for either a writ or a supersedeas, or either, by the judge in vacation, is not a judgment at all, but is in the same class as the act of the judge or chancellor in granting or refusing a remedial writ under section 742 of the Code of 1930, from which no appeal lies. Alexander v.

Woods, 103 Miss. 869, 60 So. 1017; Wynne v. Illinois Cent. R. Co., 108 Miss. 376, 66 So. 410. That it is not a judgment clearly appears when we remember that the refusal by a judge of a remedial writ need not be in writing, and no record usually is made thereof.

Appeal dismissed.