## PETITION OF ESSIE LEE BROOM FOR WRIT OF ERROR CORAM NOBIS OR NEW TRIAL

No. 43370 October 12, 1964 168 So. 2d 44

*L. H. Rosenthal,* Jackson; *Bruce C. Waltzer,* New Orleans, La.; *Claudia Shropshire, George W. Crockett, Jr.,* Detroit, Mich., for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Essie Lee Broom was indicted in the Circuit Court of Leflore County on November 8, 1962, for the felony of obtaining money under false pretenses. On November 12 she was arraigned and entered a plea of not guilty. On November 26 she changed her plea to guilty, and the circuit court sentenced her to two years imprisonment, suspended it, and placed her on probation for two years, subject to certain conditions.

The petition contains the following averments: Petitioner is a Negro woman, about 25 years of age, unmarried, of "limited formal education," and the mother of six young children. Although she changed her plea to guilty, she was innocent of the charge against her, and "at no time prior to or during any of the aforesaid court proceedings was Petitioner informed of her right to counsel under the Constitution of Mississippi and the Federal Constitution; nor was Petitioner represented by counsel at any time; nor was counsel appointed for or offered to Petitioner; nor did Petitioner waive her right to counsel."

On May 18, 1964 petitioner was rearrested, and an order was entered, revoking her probation for not complying with its conditions, and amending her sentence to one year. Petitioner is presently in the state peni-

tentiary. She charges: "At no time during the revocation of her probation nor the amendment of her sentence; nor at any other time was Petitioner informed of her right to counsel under the Constitution of Mississippi and the Federal Constitution; nor was Petitioner represented by counsel at any time; nor was counsel appointed for or offered to Petitioner; nor did Petitioner waive her right to counsel." Despite diligent efforts on the part of her relatives, it was not possible, she says, to obtain the voluntary services of any member of the Mississippi State Bar to represent her "to appeal her conviction and/or to raise the aforesaid constitutional issues" on her behalf. However, in this matter she is represented by a Mississippi attorney and four members of the Michigan bar.

The petition charges systematic exclusion of Negroes from jury service; denial of equal protection and due process, in that "at no time was she advised of her right to counsel nor was counsel appointed in her behalf"; and revocation of probation without due process, because it was without notice and hearing.

The prayer is that petitioner be granted leave to apply to the Circuit Court of Leflore County, or this Court, for a writ of error coram nobis or motion for new trial; and that bail be fixed for her, and a new trial granted. The document is sworn to by petitioner's mother, who states that Essie Lee Broom "is presently confined at Parchman Penitentiary, and the attorneys retained by me have been unable to see her." Exhibits to the petition are the indictment, pages from the general docket of the circuit court, the minutes reflecting the plea of not guilty, the change of plea to guilty, the sentence, and the order revoking probation.

The state did not file an answer, or any affidavits in denial of the allegations of the petition on the merits. Its motion to dismiss asserts, "On its face the petition does not lie."

Two questions are involved: (1) Was the petition properly filed in this Court under Miss. Code 1942, Rec., section 1992.5, where the judgment has not been affirmed previously by this Court? (2) If not, what remedy, if any, is available to petitioner?

■ ■ *First.* In 1952 the legislature enacted what is now Code section 2992.5. Miss. Laws 1952, ch. 250. Section 2 states, "In all cases wherein a judgment of conviction in a criminal prosecution has been affirmed on appeal by the Supreme Court, no petition for the writ of error coram nobis shall be allowed to be filed or entertained in the trial court unless and until" a petition shall have been presented to the Supreme Court for an order allowing the filing of such petition in the trial court. By its plain terms, the statute applies only where a judgment of conviction has been affirmed by this Court. Lang v. State, 230 Miss. 147, 169, 92 So. 2d 670 (1956); Smith v. State, (Miss.), 155 So. 2d 494 (1963). Petitioner's conviction has not been affirmed, and she did not appeal from it. Hence section 1992.5 is not applicable. The state's motion to dismiss the petition in this Court must be sustained. Cf. Rogers and Thornhill v. Jones, 240 Miss. 610, 128 So. 2d 547 (1961).

■ ■ *Second.* Due process requires adequate post conviction remedies. See Douglas v. California, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963); Griffin v. Illinois, 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1956). The jurisprudence of this state amply provides them. Smith v. State, (Miss.), 155 So. 2d 494, 496 (1963). Since section 1992.5 does not apply, and there is an established, appropriate procedure for attacking in the trial court a judgment of conviction, not previously affirmed by this Court, we think it is necessary and proper in disposition of this matter again to define the nature of petitioner's remedy, if she is entitled to any relief under the facts and law.

The appropriate procedure would be by a simple motion in the court which imposed the sentence to vacate, set aside, or correct the sentence, and to order a new trial; or alternatively, by a petition in the trial court for a writ of error coram nobis for similar relief. The former is simpler, but the latter is available also, and in practice the virtual equivalent. Code section 1992.5(1) recognizes both. In either event, the sentencing court, familiar with preceding facts, would hear the motion or petition and evidence, and dispose of it as the facts indicate.

In Miss. & Tenn. R.R. v. Wynne, 42 Miss. 315 (1868), it was contended the only method should be by writ of error coram nobis. The court held, however, that over ''a long series of years as shown by numerous precedents,'' the Mississippi courts ''have adopted and adhered to a different practice, and have in a great many instances allowed errors of fact committed in this court to be corrected upon motion.'' This practice ''has been both simple and convenient.'' In Fugate v. State, 85 Miss. 94, 37 So. 554 (1904), defendant presented his petition to the circuit court, described in the opinion as one for coram nobis or a motion for new trial. After consideration on the merits, the petition was dismissed, and this court affirmed.

In Carraway v. State, 163 Miss. 639, 141 So. 342 (1932), where this court affirmed a conviction, defendant filed a petition for coram nobis with the circuit judge. It was observed that the writ was practically obsolete, and: ''With us the actual issuance of the writ is unnecessary, for this court has more than once said that the relief, for the granting of which the writ of error coram nobis lies, can be granted on a motion or petition, without the issuance of the writ.'' It was held the denial of a writ is not a final judgment, which would be appealable, but simply the refusal of a remedial writ.

Corry v. Buddendorff, 98 Miss. 98, 54 So. 84 (1910), affirmed an order dismissing a petition for coram nobis. The court said: ''The writ of error coram nobis has become obsolete in many of the states, and it is rarely resorted to in our own, being superseded by the more speedy remedy by motion. But we find either is permissible under our practice.'' Buckler v. State, 173 Miss. 350, 161 So. 683 (1935), also involved a petition for coram nobis, but recognized the alternative procedure of a simple motion to vacate the judgment. It held denial of the writ was not appealable, but a petitioner had a further remedy by application to a judge of this Court. See Dolan v. State, 195 Miss. 154, 13 So. 2d 925 (1943).

In Wetzel v. State, 225 Miss. 450, 76 So. 2d 194 (1954), petitioner refiled a petition for coram nobis in the Supreme Court, after it had been denied by the trial court, and while his appeal from his original conviction was still before the Supreme Court. The court considered Wetzel's petition on its merits, ''as being addressed to the inherent constitutional powers of the court in its revisory capacity with reference to a case pending before it, and also as being within the orbit of Code section 1657.'' It was noted that section 1992.5 applies only after a conviction has been affirmed. Wetzel and other cases held that coram nobis could not be invoked for newly discovered evidence going to the merits of the issues tried in the court below.

Lang v. State, 230 Miss. 147, 163, 92 So. 2d 670 (1957), extended the motion or writ procedure, by making it available for newly discovered evidence, if it would ''probably produce a different result or induce a different verdict.'' Lang v. State, 232 Miss. 616, 624, 100 So. 2d 138 (1958). Where the writ does not lie, and a petition is filed under section 1992.5, the petition is considered as ''a remedy supplemental to the writ of error coram nobis.'' It was stated that a simple motion was

the plain and convenient remedy to reach the same result, but not necessary. See Smith v. State, 155 So. 2d 494 (Miss. 1963).

The principal basis of the instant petition is the alleged denial of counsel and right to counsel during arraignment, plea of guilty, sentencing, and revocation of suspended sentence. Although petitioner asserts she did not waive this right, she does not aver, except by inference, that she was indigent and unable to afford counsel. She claims she was ignorant of her right to counsel, and was not informed about it. We do not reach at this stage in the proceeding the questions of whether there was an effective denial of a right to counsel, including whether she was indigent and unable to afford counsel, or whether petitioner knowingly waived the right, or whether *Gideon* is applicable. See Miss. Const. 1890, §§ 25, 26; U. S. Const., 6th & 14th amends.; Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A.L.R. 2d 733 (1963); Mihelcich v. Wainwright, 375 U.S. 2, 84 S. Ct. 80, 11 L. Ed. 2d 41 (1963); McKenzie v. State, 233 Miss. 216, 101 So. 2d 651 (1958); see HB 193, Miss. Laws 1964, Reg. Sess., Adv. Sh. 2, p. 38.

 █ The general scope of a petition for writ of error coram nobis, or motion in the nature thereof, is to bring before a court a judgment previously rendered by it, for the purpose of review or modification. █ There must be some error of fact and not of law affecting substantially the validity and regularity of the proceedings, which was not brought into issue at the trial. █ Such motion or petition is an extraordinary and residual remedy to correct or vacate a judgment on facts or grounds not appearing on the face of the record, not available by appeal or otherwise, and not discovered until after rendition of the judgment, without fault of the party seeking relief. It is an attack on a judgment of conviction, valid on its face, but

defective by reason of facts outside the record, which deprived accused without fault on his part of the constitutional right to a fair trial. 24 C.J.S., Criminal Law, § 1606(2), pp. 666-667. ■■ ■ However, this remedy cannot be used in the trial court while the case is on appeal to this Court. Roberson v. Quave, 211 Miss. 398, 403, 51 So. 2d 62 (1951); Copeland v. Robertson, 236 Miss. 95, 122, 112 So. 2d 236 (1959).

■■ ■ In summary, excepting those cases to which coram nobis under section 1992.5 is applicable, a prisoner in custody of the state, claiming the right to be released or to a new trial upon the ground that his sentence was imposed in violation of the Constitution of the United States or the State of Mississippi, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence and grant a new trial, or may file a petition of like nature for a writ of error coram nobis for similar relief. Under the procedures long recognized in this state, the sentencing court after hearing may determine the issues and make findings of fact and conclusions of law with respect to them. Cf. Fla. Cr. Pro. Rule 1, 151 So. 2d 634 (1963); see Miss. Code 1942, Rec., §§ 1146, 1150, 1147; Howie v. State, 121 Miss. 197, 83 So. 158 (1919); Musselwhite v. State, 215 Miss. 363, 60 So. 2d 807 (1952); Lang v. State, 232 Miss. 616, 100 So. 2d 138 (1958); McKay, Necessity for Right of Appeal from Denial of Writ of Error Coram Nobis, 6 Miss. L.J. 143 (1933); Farley, Coram Nobis — Another View, 6 Miss. L.J. 133 (1933); but see Carraway v. State, 163 Miss. 639, 141 So. 342 (1932); Buckler v. State, 173 Miss. 350, 161 So. 683 (1935); Wetzel v. State, 225 Miss. 450, 76 So. 2d 194 (1954); see also Rosenthal, Writ of Error Coram Nobis, 6 Miss. L.J. 327 (1933);

Witherspoon, Writs of Error Coram Nobis and Coram Vobis, 24 Miss. L.J. 35 (1952).

Petition for leave to apply for a writ of error coram nobis or new trial dismissed.

All Justices concur.