GILLESPIE, Presiding Justice:
Alfred Windom filed in this Court a petition for a remedial writ, praying for a writ of certiorari directed to the court reporter and circuit clerk of Lamar County directing them to prepare and send to this Court a complete transcript and record of the proceedings in petitioner’s application for writ of error coram nobis in the circuit court. In the alternative petitioner prays that this Court hear and determine the issues presented by the petition, under the authority of Mississippi Code Annotated section 1960 (1956). Finally, petitioner prays that this Court grant leave to file another writ of error coram nobis in the trial court.
The petition states that petitioner was sentenced in the Circuit Court of Lamar County on July 24, 1961, upon pleas of guilty to charges of burglary and assault with intent to rape; that petitioner is a Negro and is now confined in the state penitentiary; that Negroes were systematically excluded from the grand jury that indicted petitioner; that petitioner entered *691 a plea of guilty after many days of interrogation and at a time when he feared that he might be lynched if he did not plead guilty; that he was unaware that he had a lawyer, although the record shows that a lawyer was appointed to represent him; and that he did not have effective assistance of counsel.
Petitioner further alleges that on March 6, 1966, he filed in the Circuit Court of Lamar County a petition for writ of error coram nobis, a copy of which is annexed to his petition in this Court, and that after a hearing the circuit court denied the petition.
The petition is not supported by a brief. The judgments of conviction which petitioner wishes vacated are not exhibited to the petition.
This Court has provided a plain, adequate and speedy post-conviction remedy for adjudication of all issues that may be raised under the Constitution of the United States or the Constitution of Mississippi. If the judgment of conviction has been affirmed by this Court, the procedure is by application filed in this Court for leave to file in the trial court a petition for writ of error coram nobis. Miss.Code Ann. § 1992.5 (1956); Miss.Rule 38. If the conviction has not been affirmed by this Court, a prisoner claiming the right to be released or the right to a new trial upon the ground (1) that his sentence was imposed in violation of the Constitution of the United States or the Constitution of the State of Mississippi, or (2) that the court was without jurisdiction to impose such sentence, or (3) that the sentence was in excess of the maximum authorized by law or (4) is otherwise subject to collateral attack, may file in the court that imposed the sentence a simple motion to vacate, set aside, or correct the judgment and grant a new trial, or may file a petition of like nature for a writ of error coram nobis for similar relief. The sentencing court may thereupon hear and determine the issues and make findings of fact and law. In re Broom’s Petition, 251 Miss. 25, 168 So.2d 44 (1964). The final judgment of the trial court upon the hearing of such motion or petition is ap-pealable to this Court.
Alfred Windom on March 5, 1966, filed in the Circuit Court of Lamar County, the sentencing court, a petition for writ of error coram nobis, and the hearing thereon was concluded on June 9, 1966, on which date the circuit court entered a final order denying the writ. On June 17, 1966, petitioner’s attorney filed in the circuit court a “Notice of Appeal” addressed to the attorneys representing the State. This notice stated in part, “Please take notice that Petitioner will appeal to the Supreme Court of Mississippi” from the order of June 9, 1966, denying the petition for writ of error coram nobis. The petition now before this Court does not reveal any effort to perfect an appeal. Mississippi Code Annotated section 1147 (1956) provides for an appeal to this Court from any final judgment of the circuit court. Section 1155 provides that the time of presenting the petition for an appeal shall be considered the time of taking the appeal if bond is given as required. However, the petition is not necessary to the validity of the appeal if the bond requirements are met. Miss.Code Ann. § 1160 (1956). Except as otherwise provided by law (some parties such as subdivisions of the state may appeal without bond), an appeal is perfected only when the bond required by law shall have been given and approved. Miss.Code Ann. § 1174 (1956). A poor person may make an affidavit that he is unable to give an appeal bond and unable to deposit a sufficient sum of money to cover costs, in which case he shall have an appeal without bond or deposit for costs. Miss.Code Ann. § 1175 (1956). However, unless the appeal is perfected by giving bond or by depositing a sufficient sum of money to cover costs or by filing an affidavit that he is unable to give bond or make deposit for costs, there is no appeal. The appeal must be perfected within ninety days from rendition of judgment Miss.Code Ann. § 753 (1956).
*692 The petition filed in this Court prays for a writ of certiorari directing the clerk of the trial court to prepare and send up the entire transcript and record of the proceedings in the circuit court of the hearing on the petition for a writ of error coram nobis. The petition does not allege that notice was given to the official court reporter as required by Mississippi Code Annotated section 1640 (1956), without which the transcript of the testimony may not be made up and cannot be considered by this Court Mississippi State Highway Commission v. Brown, 250 Miss. 773, 162 So.2d 508 (1964).
This Court has provided a simple remedy for a full blown hearing on every complaint petitioner mentions in his petition. He availed of this procedure and had a hearing in the circuit court, and that court denied his petition for writ of error coram nobis. Petitioner has made no effort to perfect an appeal to this Court' and has not explained why he is entitled to have this Court review the judgment of the trial court when he has not met the requirements to appeal. The judgment of the trial court is presumptively correct, and this Court has no lawful authority to review it.
In the alternative petitioner prays that this Court try the issues of fact raised by his petition. Mississippi Code Annotated-section 1960 (1956) provides that this Court may try and determine all issues of fact which may arise out of an appeal. Section 1960 does not apply to a case where no appeal has been perfected. Under the terms of the statute the issues of fact which this Court may try are limited to those arising out of the appeal.
 In another alternative prayer petitioner requests that this Court grant leave to file in the circuit court an application for writ of error coram nobis. This request must be denied because leave of this Court is required only in cases where we have affirmed the judgment of conviction. Moreover, petitioner has already filed such application in the circuit court, where a hearing was had and the writ denied. His remedy thereafter was to appeal from the denial of the writ. This he failed to do.
Petition denied.
All Justices concur.