221 So.2d 92 (1969)
Charlie LOVE and Rosie B. Love, In the Interest of Lavern Love, a Child
v.
STATE of Mississippi.
No. 45239.
Supreme Court of Mississippi.
March 24, 1969.
*93 William E. Miller, Jr., Martha Wood, Jackson, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., and Laurence Y. Mellen, Special Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice:
This is an appeal from an order of the Chancery Court of Panola County, Mississippi, *94 dismissing the appellant's motion to vacate an order entered in the Youth Court wherein the appellant was adjudged to be a delinquent, and directing that the petitioner be incarcerated in Oakley Training School. The motion was instituted as a result of the following facts.
On September 7, 1968, a deputy sheriff filed a petition in the Chancery Court's Youth Court Division of Panola County, Mississippi, suggesting that Lavern Love was a delinquent within the meaning of the Youth Court law of this state, namely section 7185-01, Mississippi Code 1942 Annotated (1952).
The record shows that there was a hearing on November 6, 1967, and that the Chancellor entered an order declaring the respondent to be a "delinquent." The order also provided that the child, Lavern Love, should be confined in the Oakley Training School at Raymond, Mississippi for the term provided by law. The time for the appeal from this order elapsed.
On February 2, 1968, the appellant filed the motion requesting the Court to vacate the order and original judgment entered on November 6, 1967, and to grant movant a new, de novo hearing on the merits, for the following reasons:
(1) The movant, Lavern Love, did not have the effective assistance of counsel for his defense, because the attorney did not investigate the facts in the case and present witnesses on behalf of the movant.
(2) Movant was made to testify against himself.
(3) Movant was sent to a segregated institution.
Attached to the original petition were affidavits of Rosie B. Love, mother of the appellant here, and of Charlie Love, his father, which were filed in support of the motion.
The Chancellor entered an order refusing to hear the motion because, he said, he knew of his own knowledge that the petitioner, movant, did have an attorney, that there was a full and fair hearing, and that the attorney appointed by the Court had protected the rights of the appellant.
The Court refused to suspend the order committing Lavern Love to Oakley Training School pending an appeal to this Court.
This Court has recognized the right of persons to post-conviction remedies and the right to file an application in the form of a motion for a writ of error coram nobis, and the right to file a motion to vacate judgments in the trial court where the petition alleges that the judgment and sentence were obtained in violation of the constitutional rights of the petitioners. In re Broom's Petition, 251 Miss. 25, 168 So.2d 44 (1964); Rogers v. State, 243 Miss. 219, 136 So.2d 331 (1962).
This Court said in Windom v. State, 192 So.2d 689, 691 (Miss. 1966):
"This Court has provided a plain, adequate and speedy post-conviction remedy for adjudication of all issues that may be raised under the Constitution of the United States or the Constitution of Mississippi. If the judgment of conviction has been affirmed by this Court, the procedure is by application filed in this Court for leave to file in the trial court a petition for writ of error coram nobis. Miss.Code.Ann. § 1992.5 (1956); Miss. Rule 38. If the conviction has not been affirmed by this Court, a prisoner claiming the right to be released or the right to a new trial upon the ground (1) that his sentence was imposed in violation of the Constitution of the United States or the Constitution of the State of Mississippi, or (2) that the court was without jurisdiction to impose such sentence, or (3) that the sentence was in excess of the maximum authorized by law or (4) is otherwise subject to collateral attack, may file in the court that imposed the sentence a simple motion to vacate, set aside, or correct the judgment and grant a new trial, or may file *95 a petition of like nature for a writ of error coram nobis for similar relief. The sentencing court may thereupon hear and determine the issues and make finding of fact and law."
In the case of Lang v. State, 232 Miss. 616, 100 So.2d 138 (1958), this Court permitted a rehearing where newly discovered evidence was had.
We think the foregoing cases make it abundantly clear that this state has an adequate post-conviction remedy for an application for relief by persons convicted of crime. Even the most hardened criminals are not denied a "full-blown hearing." But  does a juvenile have the same right after he has been "committed" to a state institution to remain in custody for many years?
In the case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the United States Supreme Court laid down the rule that juveniles are entitled to the same protection under the Constitution of the United States as are adults, and to the right to a hearing under the Bill of Rights, and these rights are made applicable to the states.
In the Gault case the Supreme Court of the United States said:
"As the present case illustrates, the consequences of failure * * * to make findings or state the grounds for the juvenile court's conclusion may be to throw a burden upon the machinery for habeas corpus, to saddle the reviewing process with the burden of attempting to reconstruct a record, and to impose upon the Juvenile Judge the unseemly duty of testifying under cross-examination as to the events that transpired in the hearings before him." 387 U.S. at 58, 87 S.Ct. at 1460, 18 L.Ed.2d at 563.
In May of last year, the United States Supreme Court again had an opportunity to speak on the subject of the constitutional rights of juveniles in In the Matter of Whittington, Petitioner, 391 U.S. 341, 88 S.Ct. 1507, 20 L.Ed.2d 625 (1968). In that case the Juvenile Court of Fairfield County had determined that there was "probable cause" to believe that the minor had committed a crime. He appealed to the Ohio Court of Appeals upon the ground that his constitutional rights had been violated. The Appellate Court dismissed his appeal sua sponte. Certiorari was granted to the United States Supreme Court (389 U.S. 819, 88 S.Ct. 112, 19 L.Ed.2d 69), and that Court, after pointing out the consequences of the juvenile law in Ohio, said:
"In Gault, this Court held squarely, for the first time, that various of the federal constitutional guarantees accompanying ordinary criminal proceedings were applicable to state juvenile court proceedings where possible commitment to a state institution was involved. Because the Ohio courts have not had the opportunity to assess the impact of that decision on petitioner's claims, we deem it appropriate to vacate the judgment of the Ohio Court of Appeals and remand the case for reconsideration in light of Gault." 391 U.S. at 344, 88 S.Ct. at 1508, 20 L.Ed.2d at 628-629.
This Court has also held that a juvenile is entitled to the same rights as is an adult to due process of law. In the case of In re Slay, 245 Miss. 294, 300, 147 So.2d 299, 302 (1962), this Court said:
"This Court has attempted in our opinions heretofore to make it crystal clear that the constitutional rights of a child will be protected by this Court, and no human being, whether he be infant, adult or non compos mentis, will be incarcerated by a judicial tribunal within the confine of this State, except by due process of law."
We are of the opinion, therefore, that it is necessary for the Youth Court to provide a "full-blown hearing" upon a post-commitment petition, or motion, with *96 such witnesses and testimony as may be offered when an application is filed requesting a hearing upon appropriate grounds as outlined in Windom v. State, 192 So.2d 689 (Miss. 1966).[1]
In the instant case the movant alleges that he did not have effective counsel to aid him in his trial. He was entitled to have an attorney to aid him, and he has a right to offer evidence on his "post conviction" hearing to show that an attorney appointed by the Court made no effective effort to aid the movant. The trial judge is not the final judge as to whether or not the attorney appointed by him was effective or whether or not the constitutional rights of a juvenile have been violated, but the evidence may be presented to the Supreme Court on appeal for our determination as to whether or not the constitutional rights of the movant have been violated.
Of course, if a witness is presented to the trial judge whose testimony is known by the trial judge to be perjured testimony, the trial judge may commit the witness to prison as provided for under section 2479, Mississippi Code 1942 Annotated (1956). However, the mere fact that the trial judge does not believe the statement of the petitioner for post-commitment hearing will not relieve the trial judge from giving the petitioner a "full-blown hearing."
We are of the opinion that there is no merit in the third ground shown in the application for a post-commitment remedy, namely, that the movant was sent to a segregated institution, for the reason that the prison authorities must have the right to take into account tensions in maintaining security, discipline and good order in prisons and jails. Lee v. Washington, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968).
We hold, therefore, that this case must be reversed, and that the petitioner, Lavern Love, must be given a hearing in such a manner as to present his application for post-commitment petition to the Chancellor for his determination and order; moreover, the testimony must be recorded or a bill of exceptions provided so that this Court may review such hearing if an appeal is perfected.
Reversed and remanded to the Youth Court Division of the Chancery Court of Panola County, Mississippi.
ETHRIDGE, C.J., GILLESPIE, P.J., and JONES, BRADY and SMITH, JJ., concur.
INZER, Justice (dissenting):
I am compelled to dissent from an opinion of this Court which, in my opinion, makes no distinction between an adjudication of a child to be a delinquent in youth court and a person convicted of crime in our criminal courts. It is my opinion that this Court's holding not only imperils the future of our youth court in delinquency cases, but is entirely unnecessary for a disposition of this case.
In order that this case may be better understood it is proper that additional facts be given. On September 7, 1967, a petition was filed in the youth court of the First Judicial District of Panola County in the interest of Charles Lavern Love, a child twelve years of age. The petition alleged that the child did on September 1, 1967, stab Amelia Clay and that he was delinquent. The child and his parents were summoned as required by law to answer the petition. The record shows *97 that on October 3, 1967, the file in the case was turned over to Hon. Kirkland Moore, an attorney of the Tate County Bar. On November 6, 1967, a hearing was had upon the petition as required by law and the court found from the evidence that the child was a delinquent and that it was to his best interest that he be committed to Oakley Training School. An order was entered to this effect. On February 1, 1968, after the time for appeal had expired the motion now before us was filed in the youth court and was styled Motion to Vacate Findings of Delinquency and Commitment to Oakley Training School and to Grant Movant a De Novo Youth Court Hearing on the Merits. The motion set up as grounds for trial de novo the reasons set out in the majority opinion. The affidavits attached to the motion failed to designate what part of the affidavit was based on the personal knowledge of the affiants, if any, and what part was based upon information and belief. Both affidavits conclude with this statement. "The motion and this affidavit are true to my own knowledge, except as to those matters stated to be on information and belief, and as to those matters, I believe them to be true." These affidavits are apparently carefully worded so as to avoid any possibility that they could be used as a basis for a perjury charge, mentioned in the majority opinion. This alone, under the rules of this Court, would be sufficient cause for us to deny leave to file a petition in the sentencing court. Mississippi Supreme Court Rule 38 (1967).
When the motion was presented to the youth court judge he considered it and entered the following order:
There came on for consideration by the Youth Court of the First Judicial District of Panola County, Mississippi, Motion by LAVERN LOVE, a Child, by Attorney, to vacate the Youth Court's earlier finding of delinquency and commitment of said child to Oakley Training School, and for a new hearing on the merits of the cause; and the Court, having examined the Petition and the exparte affidavits in support thereof, executed by the child's parents, and, contrary to all of same, the Court knows and holds as certain facts that said child and his parents were, before the hearing of the cause on its merits, provided by the Court with a competent attorney at no expense to them, who was given full opportunity for and had full conference with said child and his parents; that the Court explained to said child his Constitutional rights in the hearing; that he was fully and capably represented in the hearing on the matters alleged as basis for his delinquency; that his own attorney and this Court solicitously protected his rights, constitutional and otherwise; and that, at the conclusion of the hearing he was adjudicated to be a delinquent child and committed to Oakley Training School;
And it appearing to the Court that:
(1) The present motion is made in an effort to obtain a second hearing of the same matter already thus adjudicated in a hearing wherein were solely paramount the welfare, best interests, and Constitutional rights of said child; and
(2) Neither the Petition nor the ex parte affidavits of the child's parents contain reasonable basis upon which the Court may conclude that a different result might be reached in another hearing; and that, therefore, a new hearing would be harmful to said child rather than beneficial to him;
And for all of the reasons herein, it further appears and the Court concludes that the Motion is without merit.
It is, accordingly, ordered and adjudged that the Motion be and the same is overruled and dismissed.
It appears from the foregoing order of the judge that every constitutional right as prescribed by the decisions of this *98 Court and the Supreme Court of the United States were fully protected in the hearing which resulted in the child being declared a delinquent. The statements of the judge who conducted the hearing are entitled to verity and I give absolute verity to them. Gordon v. State, 149 So.2d 475 (Miss. 1963).
The only assignment of error in this case is that the youth court was in error in summarily dismissing appellants' motion to vacate the court's finding of delinquency without granting appellants a hearing and an opportunity to put on evidence to prove the allegations of the motion.
Therefore the question for determination by this Court is whether the youth court was in error in refusing to grant appellants a full evidentiary hearing on their motion. As I construe the order of the youth court, it did not hold the Youth Court Act does not provide a post-committal remedy in youth court cases or that the act does not contemplate a hearing on a motion of this nature. It simply held that from the record and the personal knowledge of the court that the facts alleged in the motions were not true. The state does not contend that the Youth Court Act does not encompass the post-committal remedy, it only contends that under the circumstances of this case the youth court judge did not abuse his discretion in refusing to grant an evidentiary hearing on the motion. I am in agreement with this contention.
It is my opinion that the Youth Court Act itself has built into it a post-committal remedy and it was entirely unnecessary for this Court to look to our post-conviction procedure in criminal cases to dispose of this case. The same result could have been reached without holding that an adjudication of a child to be a delinquent is tantamount to a conviction of crime and confinement in a training school is imprisonment.
Section 7185-04, Mississippi Code 1942 Annotated (1952), provides that the youth court shall retain jurisdiction over the person as well as any offense committed by a child. Section 7185-09, Mississippi Code 1942 Annotated (Supp. 1966) provides, among other things, as follows:
No decree or order of adjudication concerning any child shall recite any of the facts or circumstances upon which such adjudication is based, nor shall it recite that a child has been found guilty; but it shall only recite that said child is found to be a delinquent child or a neglected child or battered child, as the case may be.

In all cases, after the adjudication thereof, whenever it may appear for the best interest of said child so to do, and after an investigation concerning said child has been made, and subject to such conditions and supervision as the court may order, the court may change the custody of said child, or may dismiss the petition, or may terminate its jurisdiction over said child. Any institution or agency to which a child has been committed shall give to the court such information concerning such child as the court may at any time require, and may make recommendations to the court concerning such child.
No adjudication upon the status of any child shall operate to impose any of the civil disabilities ordinarily imposed by conviction of adults, nor shall any child be deemed a criminal by reason of such adjudication; nor shall such adjudication be deemed a conviction. The disposition of a child or any evidence given in the court in any proceedings concerning him shall not be admissible against the child in any case or proceeding in any other court * * *. (Emphasis added)
These provisions give the youth court ample authority and the duty to entertain motions such as we have here. Therefore, there is no necessity to resort to our post-conviction remedy provided in criminal cases to dispose of this case. Anyone who *99 has had any experience with the administration of the Youth Court Act or anyone who has made any study of its administration is well aware that the youth court judges in this state are not concerned with punishment of any child for any offense that he has committed, but are concerned with doing everything possible to help the child who is a delinquent become a good citizen. It should be added that they are well aware of the decisions of this Court and the Supreme Court of the United States relative to the constitutional rights that must be afforded a child in delinquency hearings, and as is apparent from the record in this case, they are careful to see that a child is afforded these rights.
I am not so much concerned with the result reached in this case as I am with what I fear may be the effect of what is said in the opinion on the validity of the Youth Court Act in delinquency cases. As I construe the language of the opinion it says that the adjudication of a child to be a delinquent is a conviction of a crime and his committal to a training school is incarceration in prison. This is not only in conflict with the decisions of this Court but is also in direct conflict with the express provisions of the Youth Court Act. § 7185-09, Miss.Code 1942 Ann. (Supp. 1966). In the case of Wheeler v. Shoemake, 213 Miss. 374, 57 So.2d 267 (1952) this Court in a five to four decision upheld the constitutionality of the Youth Court Act and said:
Moreover, Sec. 156, giving the circuit court original jurisdiction in criminal matters, does not operate as a restriction here because the Legislature has expressly provided that matters involving the Youth Court are civil and not criminal matters. Section 8 expressly says that "No proceedings by the court shall be a criminal proceeding, but shall be entirely of a civil nature concerned with the care, protection, and rehabilitation of the child in question." Sec. 9 then provides that no decree of the Youth Court shall recite any of the facts upon which it is based, nor recite that the child has been found guilty, but only that he is delinquent or neglected. And it further provides that "No adjudication upon the status of any child shall operate to impose any of the civil disabilities ordinarily imposed by conviction of adults, nor shall any child be deemed a criminal by reason of such adjudication nor shall such adjudication be deemed a conviction." It further provides that such adjudication shall not be admissible evidence against a child in any court or disqualify him for the future in any way. (213 Miss. at 400, 401, 57 So.2d at 279, 280.) (Emphasis Added.)
It is my opinion that this Court could have disposed of this case by simply holding post-committal remedy is built into the Youth Court Act and that when a motion is made for a rehearing which alleges that a child's constitutional rights have been violated in a hearing where he was adjudicated to be a delinquent that the youth court must conduct a full evidentiary hearing on such motion. I would be in accord with such a holding except to that part as would require an evidentiary hearing in every case. When the facts and circumstances are as here, I would hold that the youth court judge has some discretion and that in this case there was no abuse of that discretion. Our rule relative to this to post-conviction hearing set out in Windom v. State, 192 So.2d 689 (Miss. 1966), quoted from in the majority opinion does not require the trial court to conduct an evidentiary hearing in every case. The last sentence of the quote states: "The sentencing court may thereupon hear and determine the issue and make findings of fact and law." 192 So.2d at 691. (Emphasis added). In any event such a holding would be in keeping with the purpose of the Youth Court Act and would avoid serious complications that I foresee.
I deem it to be of utmost importance that this Court preserve the purpose and intent of the Youth Court Act as originally designed insofar as is possible. It has *100 served its purpose well in the past and has resulted in much good. For this reason we should not equate an adjudication of a child to be delinquent to a conviction of a crime in our criminal courts.
For the reasons stated I would affirm this case.
PATTERSON and ROBERTSON, JJ., join in this dissent.
NOTES
[1] There is a well documented article on Application of Basic Constitutional Guarantees to Juveniles to be found in 39 Mississippi Law Journal 121 (1967). This article gives the history of the Youth Court in Mississippi and discusses the constitutional rights of juveniles, as shown by the cases through the opinion of the United States Court in Gault.